IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCEP LUSOL HOLDINGS LIMITED<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>PERMATEX, INC., and<br>ULTRAMOTIVE CORPORATION<br><br>Defendants and Counterclaimants. | Civil Action No. CV-05-141 (KAJ) |

## ANSWER AND COUNTERCLAIMS

Defendants Permatex, Inc. ("Permatex") and Ultramotive Corporation ("Ultramotive"; Permatex and Ultramotive are collectively referred to as "Defendants"), by and through their undersigned counsel, Reed Smith LLP, responds to the Complaint in the above matter, as follows:

1. Defendants admit to the allegations of paragraph 1, which paragraph relates to Plaintiff's incorporation and address.

2. Defendants admit to the allegations of paragraph 2, which paragraph relates to Permatex's incorporation, address and business.

3. Defendants admit to the allegations of paragraph 3, which paragraph relates to ITW.

4. Defendants admit to the allegations of paragraph 4, which paragraph relates to Ultramotive's incorporation and address.

5. Defendants lack knowledge or information necessary to respond to the allegations of paragraph 4, which paragraph relates to Plaintiff's ownership of the patent in suit, Patent No. 6,685,064 and, therefore, the allegations set forth in this paragraph are denied.

6-8. Defendants admit to the allegations of paragraphs 6 through 8, which paragraphs relate to jurisdiction and venue.

9. Defendants admit to the allegations of paragraph 9, which paragraph asserts that this is a cause for patent infringement.

10. Defendants deny the allegations of paragraph 10, which paragraph asserts that the patent in suit grants Plaintiff the right to prevent others from specified activities relating to pressurized dispensers. However, Defendants admit that the elements recited are included as part of the limitations of claims 1 and 6.

11-14. Defendants deny the allegations of paragraphs 11 through 14, which paragraphs relate to allegations of infringement by Defendants Ultramotive and Permatex and to the loss of sales by Plaintiff due to activities by Defendants.

## AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses:

15. The claims of the '064 patent, depending on the scope asserted for them, are invalid either because they are anticipated under 35 U.S.C. Section 102 or are rendered obvious under 35 U.S.C. Section 103.

16. If any claim of the '064 patent were to be so interpreted or so expanded in scope as to embrace product sold by Defendants or methods employed by Defendants, the claim would be invalid for each or both of the following reasons, namely:

(a) The subject matter of the claim as a whole, as it would then stand, would have been obvious, at the time the purported invention was made, to a person having ordinary skill in the art to which said subject matter pertains; and

(b) With respect to the subject matter of the claim as it would then stand, the patentees did not invent any new and useful process, machine, manufacture or composition of matter or any new and useful improvement thereof.

17. With respect to the features and collection of features relating to the dispensing apparatus as disclosed in the '064 patent, Defendants have used only those which the public is free to use by reason of patents, publications and publicly known and used practices of legally effective date prior to any date available on behalf of said '064 patent.

18. If any claim of the '064 patent were to be so interpreted as to embrace the products sold by Defendants, the claim would be invalid for failure to point out subject matter which the patentee regards as his invention.

19. By reason of words and acts on the part of the patentee and his legal representatives in prosecution of the application for the '064 patent, Plaintiff is estopped, precluded or otherwise barred from asserting that any claim of said patent has a scope that would cover any product sold by Defendants.

20. Claims 1-9 of the '064 patent are invalid under 35 U.S.C. Section 112.

21. Defendants have not infringed and are not now infringing the '064 patent.

22. Plaintiff's action should be dismissed with prejudice in its entirety for failure to state a claim.

WHEREFORE, Defendants pray judgment as set out below.

## DEFENDANTS' COUNTERCLAIMS

23. Permatex is a Delaware corporation having a place of business at 10 Columbus Boulevard, Hartford, Connecticut 06106.

24. Ultramotive is a Vermont Corporation having a place of business at Cushing Boulevard, Bethel, Vermont 05032.

25. Rocep Lusol Holdings Limited ("Rocep Lusol") is a private limited company organized under the laws of Scotland, United Kingdom, having a place of business at Rocep Business Park, Rocep Drive, Deanpark, Renfrew, PA48XY, Scotland.

26. These counterclaims are for a Declaratory Judgment of patent non-infringement, patent invalidity and patent unenforceability pursuant to 28 U.S.C. Secs. 2201 and 2202, arising from an actual controversy between Defendants and Plaintiff concerning the alleged infringement and invalidity of the '064 patent.

27. The Court has jurisdiction over these Counterclaims for a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a).

28. This Court also has supplemental jurisdiction over these Counterclaims under 28 U.S.C. § 1367(a) because they arise out of the same transaction and occurrence alleged in Plaintiff's Complaint and are so related to the claims alleged therein as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

29. These counterclaims are brought by Permatex, Inc. and Ultramotive Corporation as Counterclaimants against Rocep Lusol as Counterclaim-Defendant.

30. Rocep Lusol purports to be and on information and belief is the owner of the '064 patent.

31. Rocep Lusol filed a suit in this Court against Permatex and Ultramotive for alleged direct infringement of the '064 patent on grounds that those two parties have marketed pressurized dispenser product that directly infringes the '064 patent.

### First Counterclaim (Declaratory Judgment Of Patent Non-Infringement)

32. Permatex and Ultramotive repeat and reallege the allegation of paragraphs 22-31.

33. The activities of Permatex and Ultramotive in connection with the marketing of dispenser products do not infringe on any claim of the '064 patent.

## Second Counterclaim (Declaratory Judgment
## Of Patent Invalidity)

34. Permatex and Ultramotive repeat and reallege the allegations of paragraphs 22-33.

35. One or more claims of the '064 patent sought to be enforced against Permatex and Ultramotive are invalid under one or more provisions of 35 U.S.C. Sec. 102, Sec. 103 and/or Sec. 112.

## Prayer For Relief

Wherefore, Counterclaimants, Permatex and Ultramotive, respectfully request Judgment in their favor and against Counterclaim Defendant Rocep Lusol, declaring as follows:

1. That United States Patent No. 6,685,064 is not infringed;

2. That United States Patent No. 6,685,064 is invalid;

3. That United States Patent No. 6,685,064 is unenforceable;

4. That Counterclaimants be awarded damages in an amount to be determined at trial;

5. That Counterclaimants be awarded their costs and reasonable attorneys fees; and

6. That Counterclaimants be granted further relief that this Court may find just and proper.

                    REED SMITH LLP

By:   /s/ Thomas J. Francella, Jr
       Thomas J. Francella, Jr., Esq. (No. 3835)
       John G. Harris, Esq. (No. 4017)
       1201 Market Street, Suite 1500
       Wilmington, Delaware 19801
       Telephone:  (302) 778-7500
       Facsimile:  (302) 778-7575
       E-mail:  tfrancella@reedsmith.com
                jharris@reedsmith.com

Attorneys for Defendants

OF COUNSEL:

Lloyd McAulay
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400 (phone)
(212) 521-5450 (fax)


Dated:  August 5, 2005
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCEP LUSOL HOLDINGS LIMITED<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>PERMATEX, INC., and<br>ULTRAMOTIVE CORPORATION<br><br>Defendants and Counterclaimants. | Civil Action No. CV-05-141 (KAJ) |

## CERTIFICATE OF SERVICE

I, Thomas J. Francella, Jr., Esquire, hereby certify that on August 5, 2005, I caused the foregoing Answer and Counterclaims, to be served on the following counsel of record, in the manner indicated below:

**VIA HAND DELIVERY**
David Primack Esq.
Robert E. Cannuscio, Esq.
Drinker Biddle & Reath LLP
1100 North Market Street,
Suite 1000
Wilmington, DE 19801-1254
Tel: 302-467-4224
Fax: 302 467-4201

**VIA FIRST CLASS MAIL**
Robert E. Cannuscio
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-3303
Facsimile: (215) 988-2757

REED SMITH LLP

By: /s/ Thomas J. Francella, Jr
    Thomas J. Francella, Jr., Esq. (No. 3835)
    John G. Harris, Esq. (No. 4017)
    1201 Market Street, Suite 1500
    Wilmington, Delaware 19801
    Telephone: (302) 778-7500
    Facsimile: (302) 778-7575
    E-mail: tfrancella@reedsmith.com
            jharris@reedsmith.com