IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCEP LUSOL HOLDINGS LIMITED, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 05-141-KAJ |
| ) | |
| PERMATEX, INC., and ULTRAMOTIVE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants/Counterclaimants. ) | |

**PROTECTIVE ORDER AND AGREEMENT
TO MAINTAIN CONFIDENTIALITY**

WHEREAS, the Parties agree that this action may involve the production or disclosure of confidential, sensitive, or proprietary business information, trade secrets, or confidential research (collectively referred to as "Confidential Information") as contemplated by Federal Rule of Civil Procedure 26(c); and

WHEREAS, the Parties believe that it will serve the interests of the Parties to conduct discovery and testimony periods under a Protective Order and Agreement to Maintain Confidentiality (hereinafter "Order and Agreement");

IT IS HEREBY ORDERED AND AGREED that:

1. This Order and Agreement shall govern the disclosure of all information produced by any Party or its agents during the course of discovery, hearings, or trial in these actions that the producing Party deems to be Confidential. Deposition testimony may be designated either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" by counsel for the witness providing the relevant testimony either on the record at such deposition or within twenty one (21) days following counsel's receipt of a copy

of the transcript of the deposition. Until the expiration of the twenty one (21) day period, the entirety of any transcript of any deposition taken in this action shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." The Court will in its discretion determine on a case-by-case basis whether to treat as confidential any hearing or trial transcripts or documents entered into evidence at trial.

DESIGNATED MATERIAL

2. In connection with discovery proceedings in this action, any Party may designate any document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." No designated material may be redacted on the basis of confidentiality. Designated information may be redacted only on the basis of privilege.

3. "CONFIDENTIAL" means testimony, information, documents, and data which constitute confidential, proprietary, business or technical information of a Party, including, but not limited to, trade secrets, product formulae and technical know how.

4. "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" means testimony, information, documents, and data which constitute confidential business or technical information of a Party which is considered by the Party to be highly sensitive because it contains business information such as, but not limited to, customer lists, sales or financial information, marketing information and business plans. It is the intention of the Parties to designate only highly sensitive information for this restricted level of confidentiality.

NOTICE AND MARKINGS

5. Any documents, material, or information may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" by furnishing a separate written notice to the receiving Party specifically identifying the items and their designation, or by stamping the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" on the documents, material, or information prior to production. Stamping the legend on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the producing Party.

INADVERTENT FAILURE TO DESIGNATE

6. Failure to designate or stamp as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" at the time of production shall not be a waiver of the protection for Confidential Information provided that counsel promptly notifies the receiving Party upon realizing the failure to designate or stamp. However, the receiving Party shall not be in violation of this Order and Agreement for any disclosure of information made prior to receiving such notice.

NON-CONFIDENTIAL MATERIAL

7. Nothing shall be regarded as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" if it is information that: (1) is in the public domain at the time of disclosure, as evidenced by a written document; (2) becomes a part of the public domain through no fault of the other party, as evidenced by a written

document; and/or (3) is in the possession of the receiving Party at the time of disclosure, as evidenced by a written document; the receiving Party lawfully received from a third party having the right to make the disclosure.

### USE OF CONFIDENTIAL INFORMATION

8. All Confidential Information as defined herein shall be used solely for the purpose of this action and any interference proceeding requested related to the patent in issue. Confidential Information shall not be disclosed to any person not a party to such action or proceeding(s), and shall not be used in any manner by a receiving Party in connection with its existing business or any future business.

9. Information which has been designated "CONFIDENTIAL" shall be disclosed only to:

(1) the attorneys involved in this action and their employees who are engaged in assisting them in this action;

(2) independent experts (experts or consultants not affiliated with a Party) who have been retained by the Party or its attorneys for this action and who have executed a Written Acknowledgment in the form provided in Appendix B to this Order and Agreement;

(3) no more than one (1) employee of a Party who requires the information to assist the attorneys involved in this action or to evaluate this action for settlement discussions and who has executed a Written Acknowledgment in the form provided in Appendix A to this Order and Agreement defined below; and

(4) any judicial or administrative authority empowered to adjudicate this action and any related interference proceeding requested related to the patent in issue.

10. Information which has been designated "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be disclosed only to:

(1) the attorneys involved in this action and their employees who are engaged in assisting them in this action;

(2) independent experts (experts or consultants not affiliated with a Party) who have been retained by the Party or its attorneys for this action and who have executed a Written Acknowledgment in the form provided in Appendix B to this Order and Agreement; and

(3) any judicial or administrative authority empowered to adjudicate this action and any interference proceeding requested related to the patent in issue.

11. Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be disclosed to independent experts and employee of a Party subject to the limitations above and only upon the following terms:

(1) prior to any disclosure to each expert or employee, the expert or employee shall be provided with a copy of this Order and Agreement and shall execute a Written Acknowledgment in the form provided in Appendix B to this Order and Agreement;

(2) the Written Acknowledgment shall be served on all parties;

(3) with regard to each employee, at the time of serving the Written Acknowledgement, the party proposing the employee shall provide the following information about the employee:

    (i) the employee's name;

    (ii) the employee's position at the company;

    (iii) brief description of the employee's job duties; and

      (iv) prior relation, if any, with the opposing party;

(4) with regard to each expert, at the time of serving the Written Acknowledgement, the party proposing the expert shall provide the following information about the expert:

      (i) the expert's name;

      (ii) the expert's business address;

      (iii) the name of the company that the expert currently works for or is affiliated with;

      (iv) any prior or current relationship or connection with either party or with any companies involved in leak detection;

      (v) a list of all the companies that the expert has been an employee with or consultant for in the last ten (10) years;

      (vi) the issues that expert is intended to opine upon (i.e., liability, damages, or both); and

      (viii) expert's background requirements set forth in Fed. R. Civ. P. 26(a)(2)(B); and

(5) if a Party objects to disclosure to the expert or employee, it must notify the other Party in writing or by telephone with confirmation in writing within five (5) business days after receiving the notice and must within five (5) business days thereafter apply to the Court for any limitation, restriction, or Protective Order the objecting Party deems necessary. No Confidential Information shall be disclosed to the expert or employee until the expiration of the ten (10) day period set forth above or, if the objecting Party has made application to the Court, until the adjudication of the application.

12. Nothing in this Order and Agreement shall bar or otherwise restrict any attorney involved in this action from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" information, *provided however*, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose, directly or indirectly, the content of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" information to anyone not qualified and authorized under this Order and Agreement to receive such information.

13. Nothing in this Order and Agreement constitutes a finding or an admission that any of the Confidential Information is in fact confidential, nor does the receiving party waive any right to later contend that any Confidential Information of the disclosing party is not confidential or falls within any of the exceptions expressed in paragraph 7 above.

14. The production of any Confidential Information pursuant to this Order and Agreement will not constitute a waiver, either in whole or in part, of any attorney-client privilege or attorney work product or Fifth Amendment privilege which may be applicable to any material not so produced.

15. This Protective Order shall be without prejudice to the right of the Parties to request additional protection under Fed. R. Civ. P. 26(c) for discovery requests made by any Party. Nothing in this Order and Agreement shall prejudice a Party or non-party from seeking additional orders with respect to the treatment of information or documents as confidential.

INFORMATION FILED UNDER SEAL

16. Confidential Information, which may be included or disclosed in any paper filed in this action, or which may be used in depositions or marked as exhibits in this action, shall be filed, if at all, only under seal with the Court and such sealing shall continue until further order of the Court.

MAINTENANCE OF CONFIDENTIAL INFORMATION

17. The recipient of any Confidential Information shall exercise due care with respect to its storage, custody, and use, which shall be not less than the degree of care with which the recipient safeguards its own confidential information. When the action is concluded, all originals and all copies of Confidential Information (other than copies or exhibits or records filed with the Court) shall be returned to the Party from whom they were received (unless the Parties agree to destruction of the Confidential Information with certification by counsel), with the exception that materials containing an attorney's work product may be destroyed instead of returned, and counsel shall certify such destruction in writing to opposing counsel.

18. The parties represent that this Protective Order and Agreement is executed by duly authorized representatives and officers of the respective companies and their respective counsel.

19. The parties recognize that this document represents an Agreement between the parties, separate and apart from the Protective Order, and the terms can be enforced in any court of competent jurisdiction.

OTHER PROCEEDINGS

20.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

\* \* \* SIGNATURES ON NEXT PAGE \* \* \*

It is So Stipulated:

ROCEP LUSOL HOLDINGS LIMITED

Date: 11/9/05     By: _____
                      Signature

Name (Print)
BERNARD D FRUTIN

Title

Date: 11/10/05    By: _____
                      Robert E. Cannuscio, Esq.
                      Counsel for Rocep Lusol Holdings Limited

PERMATEX, INC.

Date: 11/3/05     By: _____
                      Signature
                      THOMAS J. HANSEN
                      Name (Print)
                      EXECUTIVE VICE PRESIDENT
                      Title

ULTRAMOTIVE CORPORATION

Date: 10/17/05    By: _____
                      Signature
                      C.T. SCHEINDEL
                      Name (Print)
                      Sales
                      Title

Date: 10/14/05    By: _____
                      John Harris, Esq.
                      Counsel for Permatex, Inc. and
                      Ultramotive Corporation

IT IS SO ORDERED:

Dated: 11/23/05   _____
                  Honorable Kent A. Jordan
                  United States District Court
                  District of Delaware

## APPENDIX A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCEP LUSOL HOLDINGS LIMITED, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 05-141-KAJ |
| ) | |
| PERMATEX, INC., and ULTRAMOTIVE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants/Counterclaimants. ) | |

### ACKNOWLEDGMENT OF EMPLOYEE

I, _____, hereby acknowledge receipt of a copy of the Stipulation and Protective Order ("Order") in the above-captioned action. I am familiar with the provisions of the Order and agree to be bound by it. I agree not to copy or to use any information designated "CONFIDENTIAL" for any purpose other than in connection with the instant action, and agree not to reveal any or all such "CONFIDENTIAL" information to any person not authorized by this Order.

I further acknowledge and understand that for any violation of the provisions of said Protective Order I am subject to the penalties of the Court and any and all penalties imposed upon me by law. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue with regard to same.

Upon request, I will promptly return to the attorney for the party by whom I am employed or engaged all documents and other items (originals and copies) that are labeled "CONFIDENTIAL" and that were provided to me in connection with the Rocep Lusol Holdings Limited v. Permatex, Inc. and Ultramotive Corporation litigation.

_____     _____
Signature                                                                Dated

_____     _____
Printed Name                                                           Title

## APPENDIX B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCEP LUSOL HOLDINGS LIMITED, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 05-141-KAJ |
| ) | |
| PERMATEX, INC., and ULTRAMOTIVE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants/Counterclaimants. ) | |

### ACKNOWLEDGMENT OF EXPERT

I, _____, hereby acknowledge receipt of a copy of the Stipulation and Protective Order ("Order") in the above-captioned action. I am familiar with the provisions of the Order and agree to be bound by it. I agree not to copy or to use any information designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" for any purpose other than in connection with the instant action, and agree not to reveal any or all such "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" information to any person not authorized by this Order.

I further acknowledge and understand that for any violation of the provisions of said Protective Order I am subject to the penalties of the Court and any and all penalties imposed upon me by law. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue with regard to same.

Upon request, I will promptly return to the attorney for the party by whom I am employed or engaged all documents and other items (originals and copies) that are labeled "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" and that were provided to me in connection with the Rocep Lusol Holdings Limited v. Permatex, Inc. and Ultramotive Corporation litigation.

_____        _____
Signature                              Dated

_____        _____
Printed Name                           Title(e.g., Expert Witness for Party)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCEP LUSOL HOLDINGS LIMITED, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) Civil Action No. 05-141-KAJ |
| | ) |
| PERMATEX, INC., and ULTRAMOTIVE CORPORATION, | ) |
| | ) |
| Defendants/Counterclaimants. | ) |

## CERTIFICATION OF COUNSEL

**The undersigned hereby certifies that:**

1. The Parties have agreed to the attached Joint Proposed Protective Order for the Court's consideration and entry in the above-referenced litigation. This Joint Proposed Protective Order has executed by the parties and counsel.

2. The undersigned respectfully requests entry of this Protective Order by the Court.

Respectfully submitted,
ROCEP LUSOL HOLDINGS LIMITED

Dated: November 10, 2005        BY:    /s/ David P. Primack
                                       DAVID P. PRIMACK (#4449)
                                       Drinker Biddle & Reath LLP
                                       1100 North Market Street, Suite 1000
                                       Wilmington, DE 19801-1254
                                       Tel: 302-467-4224
                                       Fax: 302-467-4201

                                       ROBERT E. CANNUSCIO
                                       Drinker Biddle & Reath LLP
                                       One Logan Square, 18th & Cherry Streets
                                       Philadelphia, PA 19103-6996
                                       Tel: (215) 988-3303
                                       Fax: (215) 988-2757

                                       Attorneys for
                                       ROCEP LUSOL HOLDINGS LIMITED

PHIP\469207\1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCEP LUSOL HOLDINGS LIMITED, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v.   ) | Civil Action No. 05-141-KAJ |
| ) | |
| PERMATEX, INC., and ULTRAMOTIVE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants/Counterclaimants.   ) | |

**CERTIFICATE OF SERVICE**

I, David P. Primack, hereby certify that on this date, I electronically filed with the Clerk of the Court using CM/ECF of a Joint Proposed Protective Order and served it upon the following in the manner indicated:

**Via Hand Delivery**
John Harris, Esq.
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801

**Via United States Mail**
Lloyd McAuley, Esq.
Reed Smith LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022-7650

Dated: November 10, 2005

/s/ David P. Primack
David P. Primack (DE 4449)
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington DE 19801-1254
Tel.: 302-467-4221
Fax: 302-467-4201