IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCEP LUSOL HOLDINGS LIMITED | ) | |
| | ) | |
| Plaintiff and Counterclaim defendant, | ) | |
| | ) | |
| v. | ) | |
| PERMATEX, INC. and | ) | Civil Action No. –CV-05-141(KAJ) |
| ULTRAMOTIVE CORPORATION | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION

## TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT

## OF THE CLAIMS IN U.S. 6,685,064

John G. Harris, Esq. (No. 4017)
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801
Tel. (302) 778-7500
Fax (302) 778-7557

Lloyd McAulay, admitted *pro hac vice*
Stephen Chin, admitted *pro hac vice*
Reed Smith LLP
599 Lexington Avenue
New York, NY  10022
Tel. (212) 521-5400
Fax: (212) 521-5450

## Table of Contents

I.  INTRODUCTION .................................................................................................1

II.  Factual Background .........................................................................................1

    A.  The Patent in Suit .......................................................................................2

    B.  The Accused Product ..................................................................................3

III.  SUMMARY JUDGMENT STANDARD ........................................................3

IV.  ARGUMENT .....................................................................................................4

    A.  Plaintiff's Motion Should Be Denied.  The Basis for the Motion is the Flawed Assumption that Plaintiff's Claim Constructions are Valid and Adopted ...................................................................................................4

    B.  The Patent in Suit is Invalid Under Plaintiff's Proposed Construction of Disputed Claim Limitations, Eliminating Any Need for Consideration of Infringement ...........................................................................................6

        1.  The Asserted Claims of the patent in suit as construed by Plaintiff are invalid by reason of anticipation, eliminating any need for consideration of infringement ...............................................................6

        2.  The Asserted Claims of the patent in suit as construed by Plaintiff will be proven to be invalid as obvious .........................................6

    C.  Patent Validity is a Condition Precedent to Consideration of Patent Infringement ...........................................................................................8

        1.  Because validity of the patent in suit is in question, it is premature to make a determination of infringement ............................................8

    D.  Plaintiff's Proof of Infringement is Inadequate to the Extent it is Based on the Graphical Demonstratives Created by Plaintiff ...................................9

    E.  Material Factual Disputes Remain as to Whether the Accused Products Contain a Tilt Valve, Even Under Plaintiff's Proposed Construction of That Limitation ......................................................................................11

    F.  The Factual Evidence Provided By Plaintiff is Insufficient to Support a Finding by Summary Judgment that The Accused Products have a Tilt Valve, Even Under Plaintiff's Proposed Construction of That Limitation............14

        1.  The Photographs in Exhibit C of Plaintiff's Appendix are incompetent as evidence of infringement ...............................................14

        2.  The "figures" created by Plaintiff are not evidence that the Accused Product contains a "tilt valve" as Plaintiff construes that limitation...............................................................................................15

        3.  Plaintiff's Infringement Appendix Exhibit K does not support a finding of infringement ...................................................................15

    G.  Plaintiff Offers Inadequate Proof that the Accused Products Include the Claim Limitation "Nozzle Assembly Sealingly Engageable with the Hinge Assembly" Even Under the Construction Proposed by Plaintiff............................15

    H.  Plaintiff Has Provided no Evidence of Argument to Support a Finding of Infringement Under The Doctrine of Equivalents .................................17

V.  SUMMARY AND CONCLUSION ..................................................................17

# Table of Authorities

## Cases

Cantor v. Detroit Edison Co., 428 U.S. 579 (1976) ........................................................... 4

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ................................................................ 3

Chamberlain Group, Inc. v. Skylink Techs., Inc., 381 F.3d 1178 (Fed. Cir. 2004) ...................... 3

Clark v. Modern Group Ltd., 9 F.3d 321 (3d Cir.1993) ...................................... 4, 10, 14

Crown Operations Intern., Ltd. v. Solutia Inc., 289 F.3d 1367 (Fed.Cir.2002)............................ 4

High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc., 49 F.3d 1551 (Fed.Cir.1995) 12

Maldonado v. Ramirez, 757 F.2d 48 (3d Cir 1985 ........................................................ 10

MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204 (3d Cir.2005)............................................ 4

NFP Ltd. v. Smart Parts, 2006 WL 1876659 .................................................................. 8

Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464 (1962)................................................... 4

Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327 (1945) ............................................. 8

SmithKline Beecham Corp. v. Apotex Corp., 403 F.3d 1331 (Fed.Cir. 2005) ........................... 8

Union Carbide Corp. v. American Can Co., 558 F.Supp. 1154 (N.D.Il.,1983)............................ 9

Vehicular Technologies Corp. v. Titan Wheel Intern., Inc., 212 F.3d 1377 (Fed. Cir.2000)....... 17

Williams v. Chrysler Corp., 163 F.3d 183 (3d Cir.1998) ................................................... 4

## Statutes

2006 WL 876659 ............................................................................................... 8

35 U.S.C. § 102 .............................................................................................. 6

35 U.S.C. §102 ............................................................................................... 8

35 U.S.C. §103 ............................................................................................ 7, 8

35 U.S.C. 112 ................................................................................................. 6

## Rules

Fed.R.Civ.P.56(c) ............................................................................................ 3

Defendants, Permatex, Inc. and Ultramotive Corporation (collectively, "Defendants"), respectfully submit the following memorandum in opposition to Plaintiff's Motion for Summary Judgment of Infringement of the Claims in U.S. 6,685,064, filed June 30, 2006.

## I.     INTRODUCTION

This patent infringement case never should have been filed.  Defendant Ultramotive is a small, independent company that makes the products accused of infringing the patent in suit. Defendants' Accused Products employ a combination of proprietary innovations by Defendant Ultramotive and teachings from the prior art which Defendants are free to use.  When the licensee of Plaintiff's patent in suit was unable to compete successfully in the U.S. marketplace, Plaintiff turned to litigation, in an attempt to bully Defendant Ultramotive out of the business of providing the accused lever-operated dispensing devices to Defendant Permatex.

Despite the cost and burden of defending themselves from Plaintiff's baseless accusations of infringement, Defendants have not capitulated as Plaintiff had hoped, and so this litigation has continued.  Plaintiff put forth a tortured construction of the claims of the patent in suit, in an attempt to stretch the patent in suit to cover Defendants' accused devices.  Plaintiff has now filed a motion for summary judgment of infringement, based upon these same tortured constructions, forcing Defendants to incur more litigation-related costs to defend themselves.

## II.     FACTUAL BACKGROUND

Defendants refer the Court generally to Defendants' Memorandum in Support of its Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,685,064.

Defendants below address the most objectionable statements from the recitation of facts in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment of

Infringement of the Claims in U.S. 6,684,064, filed June 30, 2006 ("Plaintiff's Infringement Brief").

A.    **The Patent in Suit**

Plaintiff miscasts the Notice of Allowance for the patent in suit, U.S. Patent 6,684,064 ("the '064 patent"), truncating the quotation from the Examiner.[1]  The Examiner's full quotation reads:

> "the prior art fails to disclose or render obvious a dispensing apparatus in combination with other claimed limitations of claim 1: 'a nozzle assembly sealingly engageable with the hinge assembly and provided with an internal thread engaged with the external thread of the valve stem, the nozzle assembly being rotatable relative to the hinge assembly and the lever between open and closed positions of said nozzle assembly and including an actuator portion provided with a surface which cooperates with the lever bearing portion such that in the open position of said nozzle assembly operation of the lever causes movement of the actuator portion to open the valve and permit flow out of the apparatus.'"

The full quotation makes clearer that the limitations of the nozzle assembly in this passage were critical to allowance, and that the novelty of the patent in suit included "a nozzle assembly sealingly engageable with the hinge assembly."

If the Patent Office had understood the claims to mean what Plaintiff has proposed in this litigation, it would not have made the above statement, nor would it have allowed the asserted claims of the patent in suit to issue.  This is because under Plaintiff's construction, each and every limitation of the asserted claims of the patent in suit is found in a single prior art reference (PCT Publication WO 99/18010) that was before the Patent Office, rendering those claims

---

[1] See page 7, Section III.B of Plaintiff's Infringement Brief.

unpatentable.  See Defendant's co-pending Motion for Summary Judgment of Invalidity of U.S.

Patent No. 6,685,064 and supporting papers, which fully detail this "anticipation."

**B.      The Accused Product**

Defendants dispute certain factual assertions contained in Plaintiff's description of the

Accused Devices.  A first area of dispute concerns erroneous factual assertions by Plaintiff

regarding the valves employed in the Accused Products.[2] A second area of dispute concerns

Plaintiff's confusing and contradictory assertions regarding the "sealingly engageable"

limitation.[3]  These disputes are detailed in Sections IV.C and IV.E below, respectively.

## III.    SUMMARY JUDGMENT STANDARD

Rule 56 provides that summary judgment cannot be granted unless the "pleadings,

depositions, answers to interrogatories and admission to file, together with the affidavits, if any,"

when viewed in a light most favorable to the non-moving party, "show that there is no genuine

issue as to any material fact…"  Fed.R.Civ.P.56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986).

Although appeals from final decisions of this Court would be heard by the Court of

Appeals for the Federal Circuit, summary judgment should be determined under the law of the

Third Circuit.  See, e.g., Chamberlain Group, Inc. v. Skylink Techs., Inc., 381 F.3d 1178, 1191

(Fed. Cir. 2004).

---

2 See page 10 in Section III.C.3 of Plaintiff's Infringement Brief and page 13 in Section  IV.A.1
    of Plaintiff's Infringement Brief.

3 See pages 15-16 in Section IV.A.4 of Plaintiff's Infringement Brief.

On summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion, Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464, 473 (1962), with doubts resolved in favor of the non-movant.  Cantor v. Detroit Edison Co., 428 U.S. 579, 582 (1976); Crown Operations Intern., Ltd. v. Solutia Inc., 289 F.3d 1367, 1375 (Fed.Cir.2002); MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir.2005).  Unless the evidence is such that only an unreasonable jury could find for the non-movant at trial, then summary judgment should not be granted.  Williams v. Chrysler Corp., 163 F.3d 183, 186 (3d Cir.1998).

Plaintiff bears the burden of proof at trial on the issue of infringement.  To succeed upon summary judgment, a plaintiff must point to *admissible evidence* that would be sufficient to show all elements of a prima facie case under applicable substantive law.  Clark v. Modern Group Ltd., 9 F.3d 321, 326 (3d Cir.1993). (emphasis added).

## IV.    ARGUMENT

**A.    Plaintiff's Motion Should Be Denied.  The Basis for the Motion is the Flawed Assumption that Plaintiff's Claim Constructions are Valid and Adopted**

Plaintiff's motion for summary judgment of infringement is predicated entirely on the Court's wholesale adoption of Plaintiff's erroneous proposed constructions of disputed claim terms.

Defendants have provided the Court with the law, facts and argument that show why Plaintiff's proffered constructions are erroneous.  See Defendants' Memorandum in Support of Defendant's Proposed Construction of Disputed Claim Terms, filed June 30, 2006, and in Defendants' opposition to Plaintiff's claim construction memorandum, filed concurrently with this brief.

Plaintiff's motion must be denied if the Court does not adopt Plaintiff's proposed constructions for each of three claim limitations:

1. tilt valve;

2. a nozzle assembly sealingly engageable with the hinge assembly (the "sealingly engageable" limitation); and

3. a nozzle assembly… including an actuator portion with a surface which cooperates with the lever bearing portion" (the "actuator portion" limitation).

Plaintiff's proposed constructions of these three claim limitations "tilt valve," "nozzle assembly sealingly engageable with the hinge assembly" and "actuator portion" are untenable, as shown in Defendants' Memorandum in Support of Defendants' Construction of Disputed Claim Terms, filed June 30, 2006, and in Defendants' Opposition to Plaintiff's Memorandum on Claim Construction for U.S. 6,685,064, filed concurrently.  Thus, Plaintiff's assertions that Defendants' Accused Products infringe under such constructions are equally untenable.

As set forth in Defendants' motion for summary judgment of non-infringement and supporting papers, upon a proper construction of these three claim limitations, such as provided in Defendants' claim construction memoranda, the correct course for the Court is to find no infringement as a matter of law.

However, even if the Court were to accept Plaintiff's proffered constructions of these three limitations in their entirety, the issue of infringement is not ripe for summary adjudication, for reasons shown below.

**B.    The Patent in Suit is Invalid Under Plaintiff's Proposed Construction of Disputed Claim Limitations, Eliminating Any Need for Consideration of Infringement**

**1.    The Asserted Claims of the patent in suit as construed by Plaintiff are invalid by reason of anticipation, eliminating any need for consideration of infringement**

As shown in Defendants' Motion for Summary Judgment of Invalidity of U.S. Patent 6,685,064 and supporting papers, under Plaintiff's proposed construction of disputed claim limitations, the asserted claims of patent in suit are invalid by reason of anticipation under 35 U.S.C. § 102. Each and every limitation of the asserted claims of the patent in suit, if those limitations are construed in accordance with Plaintiff's proposals, is disclosed in PCT Application No. PCT/GB98/03003, published under International Publication No. WO 99/18010 on April 15, 1999.[4]  Because the asserted claims of patent in suit will be invalid if the Court adopts Plaintiff's proposed construction of claim terms, and because invalid claims cannot be infringed, there can be no finding of infringement even under Plaintiff's proposed constructions.

Even if the Court cannot determine summarily that the asserted claims of patent in suit are invalid, the invalidity of the patent in suit due to anticipation remains a triable issue. Thus, it would be premature to determine infringement by means of summary judgment at this time.

**2.    The Asserted Claims of the patent in suit as construed by Plaintiff will be proven to be invalid as obvious**

Another reason for the Court to defer any consideration of infringement is that the asserted claims of the patent in suit as construed by Plaintiff are also invalid under 35 U.S.C.

---

[4] Even under Defendants' proper construction, the patent in suit fails to meet the requirements of 35 U.S.C. §112 and must be held invalid for failure to provide a proper written description. See Defendants' Motion for Summary Judgment of Invalidity and supporting papers.

§103 as being obvious, in view of Snell U.S. Patent No. 5,040,705 and the activities of Christian

Scheindel and Ultramotive that occurred prior to the priority date of the patent in suit.

Defendants' did not bring a motion for summary judgment of obviousness, because

obviousness determinations are inherently fact-intensive and thus generally not apt for summary

adjudication.  However, if Plaintiff's proposed constructions of claim limitations are adopted,

Defendants can and fully intend to prove the invalidity of the patent in suit due to obviousness at

trial.

Prior to the critical date of the patent in suit, Christian Scheindel of Ultramotive

developed a device substantially similar to the Accused Product.  See Response to Interrogatory

No. 2 in Defendant Ultramotive Corporation's Responses to Plaintiff Rocep Lusol's First Set of

Interrogatories Nos. 1-13 to Defendant Ultramotive, at page 4.[5]  Ultramotive offered this device

to customers in 1998, pursuant to a confidentiality agreement.  This offer did not result in a sale.

See Response to Interrogatory No. 2 in Defendant Ultramotive Corporation's Responses to

Plaintiff Rocep Lusol's First Set of Interrogatories Nos. 1-13 to Defendant Ultramotive, at page 4

(Chin Exhibit 1).  Scheindel also filed a patent application in May 1998 which contained claims

which describe the Accused Product now being claimed to have been invented by the patentee of

the patent in suit.  See Response to Interrogatory No. 9 in Defendant Ultramotive Corporation's

Responses to Plaintiff Rocep Lusol's First Set of Interrogatories Nos. 1-13 to Defendant

Ultramotive, at page 11 (Chin Exhibit 1).  That application was later abandoned.  Id.  Thus, it

could be argued that neither of these activities were made public.

---

[5] These responses are attached as Exhibit 1 to the Declaration of Stephen Chin in Support of
    Defendant's Opposition to Plaintiff's Motion for Summary Judgment of Infringement of
    the claims in U.S. 6,685,064 filed concurrently ("Chin Exhibit 1").

The Federal Circuit has recently pointed out in <u>NFP Ltd. v. Smart Parts</u>, 2006 WL 1876659, that evidence that those of skill in the art combined prior art teachings in the manner claimed in the patent in suit "is certainly evidence that they were motivated to do so" for determining obviousness, *even if the combination was not made public*. 2006 WL 876659 *6 (emphasis added).[6]

Thus, whether by anticipation under 35 U.S.C. §102 or by obviousness under 35 U.S.C. §103, the patent in suit should inevitably be found invalid under Plaintiff's proposed construction, leaving no reason for consideration of infringement.  .

### C.    <u>Patent Validity is a Condition Precedent to Consideration of Patent Infringement</u>

#### 1.    **Because validity of the patent in suit is in question, it is premature to make a determination of infringement**

It has long been held that issues of validity should preferably be decided before those of infringement. When a case presents dual issues of patent validity and infringement, the better practice is to first determine the validity of the patent before considering infringement issues, because the question of "validity has the greater public importance." <u>Sinclair & Carroll Co. v. Interchemical Corp.</u>, 325 U.S. 327, 330 (1945).

"Both [the Federal Circuit] and the Supreme Court have recognized that there is a significant public policy interest in removing invalid patents from the public arena." <u>SmithKline Beecham Corp. v. Apotex Corp.</u>, 403 F.3d 1331, 1354 (Fed.Cir. 2005). This public policy concern means that if the Court is inclined to accept Plaintiff's construction of the "tilt valve,"

---

[6] 2006 WL 876659 is a non-precedential public record.  It is attached as Exhibit 2 to the Chin Declaration.

"sealingly engageable" and "actuator portion" limitations, an invalidity determination should precede any consideration of infringement.

The case of <u>Union Carbide Corp. v. American Can Co.</u>, 558 F.Supp. 1154 (N.D.Il.,1983) is instructive. There, the district court, faced, as this Court is, with co-pending motions for summary judgment on invalidity and infringement, reasoned as follows:

> The law is clear that an invalid patent cannot be infringed. Thus, given our holding that defendant has overcome the presumption of validity of the patent and is entitled to summary judgment on the issue of invalidity, plaintiff's motion for summary judgment on the issue of infringement is rendered moot. 558 F. Supp. at 1162-63 (internal citations omitted).

Here, of course, both validity and infringement are at issue. Thus, before any consideration of Plaintiff's motion for summary adjudication, the better practice would be for the Court – or, if the Court cannot make such a determination on summary judgment, the jury – to ultimately determine Defendants' invalidity contentions.

### D.    Plaintiff's Proof of Infringement is Inadequate to the Extent it is Based on the Graphical Demonstratives Created by Plaintiff

Plaintiff's evidence of infringement by the Accused Devices is flawed and inadequately supported, precluding a grant of summary judgment. Defendants object to the "figures" provided in Exhibit D to the Appendix for Plaintiff Rocep Lusol Holdings Limited's Memorandum of law in Support of Plaintiff's Motion for Summary Judgment of Infringement of the Claims in U.S. 6,685,064 ("Plaintiff's Infringement Appendix"). These "figures," described as "schematics" of the Accused Products (in the Table of Contents of Plaintiff's Infringement Appendix) are nothing of the sort, and were in fact prepared by Plaintiff. Plaintiff admits to "generating" these figures "based on" the Figures in U.S. Patent No. 6,340,103 (the '103 patent"). See Footnote 3 on page 11 of Plaintiff's Infringement Brief. Plaintiff's proof of infringement is deficient, among other reasons, because it relies on these "figures".

9

The Affidavit of Bernard Frutin (Exhibit D to Plaintiff's Infringement Appendix) provides no factual basis for assigning any evidentiary weight to these "figures." In paragraph 32 of his affidavit, Mr. Frutin states that it is his *understanding* that:

> "if the product is properly marked, the Powerbead dispenser construction would be *similar* to the one shown in U.S. 6,640,103, which is assigned to Ultramotive.   The patent illustrates the operation of the Powerbead dispenser [i.e., the Accused Product] …" (emphasis added).

However, in connection with motion for summary judgment, an affiant must set forth facts, rather than opinions or conclusions; an affidavit that is lacking in specific facts is inadequate to satisfy the movant's burden.  Maldonado v. Ramirez, 757 F.2d 48,50 (3d Cir 1985).  Mr. Frutin's opinions and conclusions regarding the relationship of the '103 patent and its Figures to the Accused Products are thus inadequate meet Plaintiff's burden.

Furthermore, Plaintiff's re-rendered "figures," upon which Mr. Frutin opines, are not identical to the Figures of the '103 patent.  As demonstratives, the "figures" should be accorded no evidentiary weight.  Plaintiff must point to *admissible evidence* that would be sufficient to show all elements of a prima facie case under applicable substantive law.  Clark, 9 F.3d at 326 (3d Cir.1993).

More importantly, the '103 patent, from which Plaintiff's "figures" were adapted, is not germane to this litigation.  Defendants' Accused Products are at issue, not Defendant Ultramotive's patent portfolio.  Plaintiff's bald assertion in Footnote 3 on page 11 of Plaintiff's Infringement Brief that the '103 patent "describes the construction and operation of the Accused Products" is speculation, without evidentiary support.  Simply because the '103 patent number is marked on the Accused Product does not mean that the Accused Products must conform in all respects to the Figures of that particular patent, let alone to Plaintiff's re-renderings of those Figures.

As pointed out by Plaintiff in the second full paragraph on page 19 of Plaintiff's Infringement Brief, not only is the '103 patent marked on the label of the Accused Product; so are Defendant Ultramotive's U.S. Patents Nos. 5,419,466, 4,913,323 and 5,065,900. Each of these four patents is directed to different inventions, and has its own set of Figures and its own specification. There is no evidence that the Accused Products conform in all respects with all of the Figures and specifications of all of these patents.

E.    **Material Factual Disputes Remain as to Whether the Accused Products Contain a Tilt Valve, Even Under Plaintiff's Proposed Construction of That Limitation**

Defendants dispute Plaintiff's description of the Accused Products[7] insofar as it is asserted that the Accused Products include a valve that opens to permit dispensing both when it is tilted or when it is displaced vertically.[8]

Since 2003, Defendant Ultramotive has supplied Defendant Permatex with at least two different forms of the Accused Products, each of which employs a different valve, adapted to the different viscosities of materials dispensed. These include at least valves identified as the Hug II Vertical Valve, designed for use in a vertical fashion to dispense high viscosity products, and a Clayton universal valve. See Response to Interrogatory No. 2 in Defendant Ultramotive

---

[7] See page 10 in Section III.C.3 and on page 13 in Section IV.A.1 of Plaintiff Rocep Lusol Holdings Limited's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment of Infringement of the Claims in U.S. 6,685,064 ("Plaintiff's Infringement Brief").

[8] As argued in Defendants' Opposition to Plaintiff's Claim Construction Brief, Plaintiff's proposed construction of the tilt valve limitation would literally encompass valves that could not tilt. In argument, Plaintiff suggests that what they really mean is that a "tilt valve" is a valve that, when unconstrained, can be tilted and, alternatively, can be displaced axially relative to a seal. Defendants factual material disputes recited herein relate to Plaintiff's "re-construction" of their construction.

Corporation's Responses to Plaintiff Rocep Lusol's First Set of Interrogatories Nos. 1-13 to Defendant Ultramotive, attached as Exhibit 1 to the Chin Declaration.

Plaintiff provides no proof that these different valves are "tilt valves" under Plaintiff's proposed construction of that limitation. Neither Plaintiff's Invalidity Brief nor the Frutin Affidavit addresses the different valves employed in the Accused Products. The Frutin Affidavit, in paragraphs 10 and 13-15, references only the valve in the photos in Exhibit C to Plaintiff's Appendix. As shown in Section D.1 *infra*, virtually nothing is known about the can in those photos, let alone what valve is employed in that can. This absence of specific factual evidence means that a blanket finding by summary adjudication that all of the Accused Products include a tilt valve as construed by Plaintiff is unwarranted.

A substantial portion of Defendants' Accused Products, and all of those presently marketed, employ proprietary valves designed and intended to operate by axial displacement.[9] The valves used in Defendants' Accused Products are not designed or intended to be used in a tilt fashion. Scheindel Decl., ¶4. "The question is not what [a device] might have been made to do, but what it was intended to do and did do.... That a device could have been made to do something else does not of itself establish infringement." High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc., 49 F.3d 1551, 1555 (Fed.Cir.1995).

The proprietary valves presently used in Defendants' Accused Products have significant design elements to make them suitable for axial displacement but not for tilting. Scheindel Decl., ¶5. These design elements include:

---

[9] See paragraph 3 from the Declaration of Christian T. Scheindel in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment of Infringement of the Claims in U.S. 6,685,064 ("Scheindel Decl., ¶3")

1) A small "button" at the base of the valve stem.  This small button size facilitates axial displacement, since the smaller button surface area provides less resistance against the pressure inside the container during depression of the valve stem.  This small button size also makes tilting of the valve much more difficult, because the button is too small to slide over the tapered portion of the bottom of the grommet if a user attempts to tilt the valve stem.  Scheindel Decl., ¶6.

2) Elimination of the widening of the opening at the base grommet.  Valves meant to tilt have this widening at the grommet base, to give the valve stem more "wiggle room" when tilting.  In valves designed for axial displacement, that "wiggle room" serves no function. Scheindel Decl., ¶7.

3) Thinner walls on the portion of the grommet that rises up the valve stem, known as the "boot" or the "sleeve."  These thin walls provide less resistance to the axial displacement of the valve stem.  Scheindel Decl., ¶8

The proprietary valves in the Accused Products, which incorporate the above-recited features, are not the standard tilt valves identified for use in the Patent in suit.  They are also not "tilt valves" under Plaintiff's interpretation of its proposed construction of that limitation, even if they can be made to tilt.  Because Plaintiff contends otherwise, material factual disputes remain, precluding a grant of summary judgment of infringement.

**F.**    **The Factual Evidence Provided By Plaintiff is Insufficient to Support a Finding by Summary Judgment that The Accused Products have a Tilt Valve, Even Under Plaintiff's Proposed Construction of That Limitation**

      **1.**    **The Photographs in Exhibit C of Plaintiff's Appendix are incompetent as evidence of infringement**

Plaintiff's "proof" of infringement of the tilt valve limitation is based in part on photographs of a can of Defendants' Accused Product. These photographs are attached as Exhibit C to Plaintiff's Infringement Appendix.

However, Plaintiff has provided scant information regarding this can or these photographs, leaving the finder of fact to guess or assume many key facts: when that can was made, offered or sold to Permatex by Ultramotive, where or when that can was sold by Permatex, and where or when the can was acquired and tested. The cited portions (Paragraphs 11, 13-14 and 25-27) of the Frutin Affidavit, Exhibit F to Plaintiff's Infringement Appendix, fail to recite any of these necessary facts or to provide any documentation from which they could be adduced. Since these necessary material facts are not even asserted, Defendant cannot more precisely articulate any material dispute regarding them.

Without this critical information, the proffered can photographs are therefore incompetent as proof that Defendant has made, used, sold or offered for sale in the United States any Accused Product that employs a valve that opens to permit dispensing when it is either axially displaced or tilted since the patent in suit issued. No supported conclusion of infringement of this limitation can be reached even for the individual can in the photograph. This factual uncertainty alone precludes a grant of summary adjudication of infringement by the Accused Products, regardless of the Court's construction of the tilt valve claim limitation. Plaintiff has not met its burden of pointing to *admissible evidence* sufficient to show all elements of a prima facie case of patent infringement. <u>Clark</u>, 9 F.3d at 326.

14

     2.     **The "figures" created by Plaintiff are not evidence that the Accused Product contains a "tilt valve" as Plaintiff construes that limitation**

Plaintiff also references certain "figures" attached as Exhibit D to Plaintiff's Appendix as evidence in support of its contention that Defendants' Accused Products contain a tilt valve as that term is defined under Plaintiff's proposed construction. However, as discussed in detail in Section IV.B, *supra*, these "figures" are demonstratives, and are not even purported by Plaintiff to be based on the Accused Products, but instead on the Figures of the Ultramotive-owned '103 patent. These "figures" do not constitute evidence of infringement of the tilt valve limitation (as construed by Plaintiff) by the Accused Products.

     3.     **Plaintiff's Infringement Appendix Exhibit K does not support a finding of infringement**

Curiously, Plaintiff also points to Exhibit K of its Appendix to support its conclusion that "[S]ince the product in these canisters can only dispense when the valve is open, there is no factual dispute that the valve is a tilt valve." (See Plaintiff's Infringement Brief, Section IV.A.1, middle paragraph on page 13.) Exhibit K is a copy of Defendant Permatex product literature for the Accused Products. Plaintiff points to no statements in this literature that support its conclusion. Defendants would, however, draw the Court's attention to the statement, repeated near the bottom of pages K-1 and K-5 of Exhibit K, that "[o]ur patented valve opens all internal orifices, *unlike standard tilt valves*, which only open a few." (emphasis added) This Exhibit is not proof of infringement of the tilt valve limitation of the patent in suit; it instead goes to show that there remains a material dispute as to whether the Accused Products employ a tilt valve under Plaintiff's construction of that limitation.

     G.     **Plaintiff Offers Inadequate Proof that the Accused Products Include the Claim Limitation "Nozzle Assembly Sealingly Engageable with the Hinge Assembly" Even Under the Construction Proposed by Plaintiff**

Plaintiff's proposed construction of the "sealingly engageable" claim limitation is:

"a nozzle and any other components which may be connected to the nozzle, such as an end cap or actuator, the nozzle and other components being configured such that it can, in certain conditions, engage with the hinge assembly, for example by means of the lever, and can form a seal."

See Plaintiff's Infringement Brief, Section IV.A.3, page 15.

Defendants contend that no set of facts can prove infringement of the above proposed construction, because the above is so open ended as to be meaningless (or, at best, useless).

What actually happens in the Accused Products is that the closing of the valve seals the can. Scheindel Decl., ¶9. The valve is closed by the pressure of the product on the disc at the base of the valve stem, and by the elasticity of the grommet that holds the valve stem in place. Scheindel Decl., ¶9. The valve closes when finger pressure is removed from the lever.[10]  Scheindel Decl., ¶9.

What has this sealing of the can to do with engagement between the nozzle and the hinge? What has the above proposed construction to do with the pressure in the can forcing the valve closed and thus sealing the can? If anything meaningful could be brought to bear on the proposed construction quoted above, that would require production of much evidence that is certainly not now in the case.

For example, Plaintiff identifies no factual basis for saying that the engagement referred to forms a seal. Defendants contend that the sealing of the can is formed by the closing of the valve. The engagement that closes the valve is that between two

---

[10] Of course, the valve is closed (i.e., sealed) when a can of the Accused Product is merely resting on a shelf, or even if the hinge assembly, lever and nozzle were removed altogether from the Accused Product. No engagement of the nozzle with any other component forms this seal.

components of the valve itself: the disc at the base of the valve stem and the rubber-like valve grommet. That engagement is also a sealing engagement. The engagement between the lever under finger pressure and the nozzle causes the valve to open and the can to be unsealed. That lever/nozzle engagement, if it can be said to relate to a seal at all, is an *un*sealing engagement. [11] Apparently, Plaintiff and Defendants have a factual dispute as what engagement forms "a seal".

The Court has been provided with no admissible factual basis upon which to summarily conclude that this limitation, as Plaintiff would have the Court construe it, is found in the Accused Products.

### H. Plaintiff Has Provided no Evidence of Argument to Support a Finding of Infringement Under The Doctrine of Equivalents

The Doctrine of Equivalents cannot salvage Plaintiff's motion as to the disputed claim limitations. "Infringement under the doctrine of equivalents requires an intensely factual inquiry. And, [the Federal Circuit] is well aware of the difficulty of granting summary judgment motions on issues requiring delicate balancing of many factual components." Vehicular Technologies Corp. v. Titan Wheel Intern., Inc., 212 F.3d 1377, 1381 (Fed. Cir.2000) (internal citations omitted). The Court cannot even begin to perform such a "delicate balancing" in consideration of Plaintiff's motion, because Plaintiff has provided no argument or facts in support of a determination of infringement under the Doctrine.

### V. SUMMARY AND CONCLUSION

Defendants respectfully submit that Plaintiff's motion of summary judgment of

---

[11] The Court is invited once again to demonstrate these facts regarding the operation of the Accused Products for itself, by manipulation of the unfilled sample of the Accused Product that was provided along with Defendants' Motion for Summary Judgment of Non-Infringement and supporting papers on June 30, 2006.

infringement of the asserted claims of U.S. Patent 6,685,064 should be denied, for the reasons provided above, and for those provided in Defendants' co-pending Motion for Invalidity and supporting papers, and in Defendants' Claim Construction memoranda and supporting papers.


Date: <u>July 28, 2006</u>      By:      <u>      /s/ John G. Harris      </u>
                                                John G. Harris, Esq. (No. 4017)
                                                Reed Smith LLP
                                                1201 Market Street, Suite 1500
                                                Wilmington, DE  19801
                                                Tel. (302) 778-7500
                                                Fax (302) 778-7557

Lloyd McAulay, admitted *pro hac vice*
Stephen Chin, admitted *pro hac vice*
Reed Smith LLP
599 Lexington Avenue
New York, NY  10022
Tel. (212) 521-5400
Fax: (212) 521-5450