IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCEP LUSOL HOLDINGS LIMITED, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) Civil Action No. 05-141-KAJ |
| | ) |
| PERMATEX, INC., and ULTRAMOTIVE CORPORATION, | ) |
| | ) |
| Defendants/Counterclaimants. | ) |

PLAINTIFF ROCEP LUSOL HOLDINGS LIMITED'S
BRIEF IN ANSWER TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT

Respectfully submitted,

ROCEP LUSOL HOLDINGS LIMITED


DAVID P. PRIMACK (#4449)
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
Tel: 302-467-4224
Fax: 302-467-4201

ROBERT E. CANNUSCIO
Drinker Biddle & Reath LLP
One Logan Square, 18th & Cherry Streets
Philadelphia, PA 19103-6996
Tel: (215) 988-3303
Fax: (215) 988-2757

Attorneys for
ROCEP LUSOL HOLDINGS LIMITED

PHIP\520855\1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii
I. NATURE OF THE CASE AND OF PROCEEDINGS ....................................... 1
II. LEGAL STANDARDS FOR SUMMARY JUDGMENT RELATED TO PATENT INFRINGEMENT ................................................................................ 1
III. STATEMENT OF FACTS .................................................................................. 4
    A. Patent in Suit ........................................................................................... 4
    B. The Defendants and the Accused Product ............................................... 5
        1. Permatex, Inc. ............................................................................... 5
        2. Ultramotive Corporation .............................................................. 5
        3. The Accused Product ................................................................... 5
IV. ARGUMENT ....................................................................................................... 7
    A. Infringement Analysis Generally ............................................................. 7
    B. Under Rocep's Claim Construction, the Claims of the '064 Patent are Valid and Infringed ............................................................................. 7
    C. Under the Defendants' Claim Construction, the Claims are Valid and may not be Literally Infringed ................................................................. 9
V. CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986) ................................................. 1,2

*Becton Dickinson & Co. v. C.R. Bard Inc.*, 922 F.2d 792 (Fed. Cir. 1990) ........................... 2

*Bio-Technology Gen. Corp. v. Genetech, Inc.*, 80 F.3d 1553 (Fed. Cir. 1996)
  *cert. denied*, 519 U.S. 911 (1996) ..................................................................................... 2, 7

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002)) ..................... 4

*General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978 (Fed. Cir. 1997) .............................. 3

*Key Mfg. Group, Inc. v. Microdot, Inc.*, 925 F.2d 1444 (Fed. Cir. 1991) ............................... 3

*Lemelson v. U.S.*, 752 F.2d 1538 (Fed. Cir. 1985) ................................................................. 3

*Palumbo v. Don-Joy Co.*, 762 F.2d 969, 973 (Fed. Cir. 1985) ............................................... 2

*Read Corp. v. Protec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) .................................................... 3

*CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359 (Fed. Cir. 2002) ............................. 2, 7

*Southwall Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir.
  1995), *cert. denied*, 116 S.Ct 515 (1995) ............................................................................ 1

*SRI International. v. Matsushita Electric Corp. of America*, 775 F.2d 1107, 1116
  (Fed. Cir. 1985) ................................................................................................................. 1

*United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) ...................................................... 2

*Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576 (Fed. Cir. 1996) ............................... 2, 7

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997) ................. 3, 10

*Zodiac Pool Care, Inc. v. Hoffinger Indus.*, 206 F.3d 1408 (Fed. Cir. 2000) ........................ 3

I.  **NATURE OF THE CASE AND OF PROCEEDINGS**

This case involves a claim for patent infringement. Plaintiff Rocep Lusol Holdings Limited ("Rocep") is the owner of US Pat. 6,685,064 ("the '064 Patent") which claims a novel dispensing apparatus. Rocep has brought an action against Ultramotive Corporation ("Ultramotive") and Permatex, Inc. ("Permatex") (collectively, "Defendants") for infringement of the '064 Patent.

Defendants' have filed an opening brief on non-infringement. This answering brief is being filed in response to the Defendants' opening brief.

II. **LEGAL STANDARDS FOR SUMMARY JUDGMENT RELATED TO PATENT INFRINGEMENT**

1.  A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which states that summary judgment shall be granted only

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56.

2.  The moving party bears the burden of demonstrating absence of all genuine issues of material fact. *SRI International. v. Matsushita Electric Corp. of America*, 775 F.2d 1107, 1116 (Fed. Cir. 1985).

3.  A genuine issue is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986); *Southwall Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995), *cert. denied*, 116 S.Ct 515 (1995).

4.  The evidence presented must be viewed in a light most favorable to the nonmovant, and the court must draw all reasonable inferences in favor of the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Furthermore, the evidence submitted by the nonmovant, in opposition to a motion for summary judgment, is to be accepted as true. *Anderson,* 477 U.S. at 255. Any doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Palumbo v. Don-Joy Co.*, 762 F.2d 969, 973 (Fed. Cir. 1985).

5.  These legal standards for summary judgment apply equally for a patent case as for any other. *Becton Dickinson & Co. v. C.R. Bard Inc.*, 922 F.2d 792, 795-96 (Fed. Cir. 1990).

6.  Only one valid enforceable claim of a patent needs to be infringed for liability to arise under 35 U.S.C. § 271(a). *Bio-Technology Gen. Corp. v. Genetech, Inc.*, 80 F.3d 1553, 1562 (Fed. Cir. 1996) *cert. denied*, 519 U.S. 911 (1996).

7.  Determining patent infringement is a two-step process. First, the court must construe the claims as a matter of law. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1581-82 (Fed. Cir. 1996). To this end, the court must determine the correct scope and meaning of any disputed claim term. *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1365 (Fed. Cir. 2002). Second, the accused device must be compared to the properly construed claims to determine whether each of the elements required by the claims, or equivalents of those elements, is found in the accused device. *Id.*

8.  Proper claim construction is paramount to resolution of a patent infringement issue because "[i]mproper claim construction can distort the entire infringement analysis." *Key Mfg. Group, Inc. v. Microdot, Inc.*, 925 F.2d 1444, 1448 (Fed. Cir. 1991). A detailed discussion of the proper construction of the claims is presented in PLAINTIFF ROCEP LUSOL HOLDINGS LIMITED'S MEMORANDUM ON CLAIM CONSTRUCTION FOR U.S. 6,685,064 (referred to herein as "Rocep's Memorandum on Claim Construction").

9.  A patent can be infringed either literally or under the doctrine of equivalents. In either situation, the patent owner need only prove infringement by a preponderance of the evidence. *Lemelson v. U.S.*, 752 F.2d 1538, 1547 (Fed. Cir. 1985).

10. To infringe a claim literally, the accused device must incorporate every element of the claim. *See Zodiac Pool Care, Inc. v. Hoffinger Indus.*, 206 F.3d 1408, 1415 (Fed. Cir. 2000). To make such a determination, all the elements in every disputed claim are compared with the accused device to discover if the elements are present in the accused device. *Read Corp. v. Protec, Inc.*, 970 F.2d 816, 821 (Fed. Cir. 1992). Whether or not a properly construed claim corresponds to or "read(s) onto" the accused device is generally one of fact. *See General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997).

11. Even if the accused device does not literally infringe the claims, the accused device can still infringe the claims under the judicially-created doctrine of equivalents. *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997). The doctrine of equivalents was developed by the courts to prevent an infringer from "pirating" the patentee's

invention.[1] The doctrine of equivalents can be raised on a particular element of a claim only when literal infringement is not found, and exists to protect a patent holder from those who make only insignificant changes to an invention to avoid literal infringement while still appropriating the patent holder's invention. In short, exact identity between the claimed invention and the accused process is not required.

### III.   STATEMENT OF FACTS

#### A.   Patent in Suit

There is one patent in suit: US Pat. 6,685,064 ("the '064 Patent"). The '064 patent includes 9 claims. Of those claims, only claims 1, 2 and 6 (the "asserted claims") are currently asserted against the Defendants' allegedly infringing products.

---

[1] "The language in the patent claims may not capture every nuance of the invention or describe with complete precision the range of its novelty. If patents were always interpreted by their literal terms, their value would be greatly diminished. Unimportant or insubstantial substitutes for certain elements could defeat the patent, and its value to investors could be destroyed by simple acts of copying.... The scope of a patent is not limited to its literal terms but instead embraces all equivalents to the claims described." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 731 (2002) *citing Winans v. Denmead*, 56 U.S. (15 How.) 330, 347 (1854).

B.  **The Defendants and the Accused Product**

1.  *Permatex, Inc.*

Permatex, Inc. ("Permatex") is a subsidiary of Illinois Tool Works ("ITW"). Permatex is a distributor of products to various industries including the automotive industry. One line of products sold by Permatex, and forming the center of the infringement issue in this case, is a dispensing container that Permatex refers to as the POWERBEAD dispenser can. This is one of the products that infringes claims 1, 2 and 6 of the '064 patent. The POWERBEAD dispenser can was first introduced in 2002.

Although the POWERBEAD dispenser can is sold under Permatex's name and marks, the product is manufactured by Ultramotive Corporation.

2.  *Ultramotive Corporation*

Ultramotive Corporation ("Ultramotive") is a defendant in this case. Ultramotive manufactures and sells dispensing canisters, including a lever-operated dispenser can referred to as the ULTRAPAK. The lever-operated Ultrapak dispenser can is the same dispenser can as the Powerbead dispenser can, and therefore is included within the definition of Accused Product.

3.  *The Accused Product*

The POWERBEAD dispenser can and the lever-operated ULTRAPAK dispenser refer to the same product and, thus, are both identified herein as the Accused Product.

Exhibits C, D, F, and K of the previously filed PLAINTIFF ROCEP LUSOL HOLDINGS LIMITED'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT OF THE CLAIMS IN U.S. 6,685,064 illustrate that the Accused Product contains each and every element of the asserted

claims. [Document No. 62][2] First, the Accused Product is a dispensing container that includes an internal chamber that contains a product to be dispensed. The Accused Product includes a valve that opens to permit dispensing when it is vertically actuated or tilted. [Document No. 62, Exhibits C-3 and C-4; Exhibit F, ¶ 10, 13 – 15] A nozzle is attached to the valve and can be rotated from a closed position to an open position. [Document No. 62, Exhibit C-5, Exhibit F, ¶ 20 – 22]

The Accused Product includes a wire lever that is attached to a hinge or platform. [Document No. 62, Exhibit C-6, Exhibit F, ¶ 16 – 17] The hinge is attached to the container such that the arms of the wire lever extend around each side of the valve. [Document No. 62, Exhibit C-7, Exhibit F, ¶ 18]

Rotation of the nozzle transitions the lever into a position where is can be actuated to dispense the product. [Document No. 62, Exhibits C-8 and C-9; Exhibit K; Exhibit F, ¶ 29] When the lever is depressed, it causes the nozzle to unseal the valve, thereby allowing pressure within the can to force product out. [Document No. 62, Exhibit D-1, Figures 2 and 3; Exhibit C-4; Exhibit K; Exhibit F, ¶ 29] When the lever is released, the internal pressure of the container coupled with the resiliency of the grommet portion of the valve causes the valve to move the nozzle up, sealing the valve while positioning the lever back into position to dispense. [Document No. 62, Exhibit D, Figure 4, Exhibit C-10, Exhibit F, ¶ 31]

---

[2] The "Document No." corresponds to the document number on the Court docket.

## IV. ARGUMENT

The Defendants' non-infringement argument is simple, but incorrect. The Defendants contend that (1) if the claims are construed as Rocep proposes, the claims are invalid, or (2) if the claims are construed as the Defendants' propose, the Accused Product does not infringe the claims of the '064 Patent. While there may be some argument in support of the Defendants' second contention, the Defendants' first contention is completely without merit.

### A. Infringement Analysis Generally

Infringement analysis is a two step process. First, the court must construe the claims as a matter of law. *Vitronics Corp.*, 90 F.3d at 1581-82. To this end, the court must determine the correct scope and meaning of any disputed claim term. *CCS Fitness*, 288 F.3d at 1365. Second, the accused device must be compared to the properly construed claims to determine whether each of the elements required by the claims, or equivalents of those elements, is found in the accused device. *Id.* Only one valid enforceable claim of a patent needs to be infringed for liability to arise under 35 U.S.C. § 271(a). *Bio-Technology*, 80 F.3d at 1562.

### B. Under Rocep's Claim Construction, the Claims of the '064 Patent are Valid and Infringed.

The Defendants contend in their opening claim construction brief that Rocep's claim construction is improper, and contend in their opening invalidity brief that Rocep's claim construction renders the claims of the '064 Patent invalid.[3] The Defendants do not, however,

---

[3] Rocep refutes the Defendants' contentions on claim construction and invalidity in Rocep's concurrently filed PLAINTIFF ROCEP LUSOL HOLDINGS LIMITED'S BRIEF IN ANSWER TO DEFENDANT'S MOTION ON CLAIM CONSTRUCTION FOR U.S. 6,685,064 and PLAINTIFF ROCEP LUSOL HOLDINGS LIMITED'S BRIEF IN ANSWER TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY, respectively. For the sake of brevity, further discussion will not be included in this brief.

contend in any of their opening briefs that the Accused Product does not infringe the claims of the '064 Patent should the Court adopt Rocep's claim interpretation. The only defense raised by the Defendants is that the claims are invalid. The Defendants had the opportunity to present evidence showing that the Accused Product lacks one or more elements of the asserted claims under Rocep's interpretation of the claims, but they failed to do so. As a result, the Defendants have implicitly acknowledged that their motion for summary judgment of non-infringement should be denied if the Court rightfully upholds the validity of the claims and properly construes the claims as proposed by Rocep.

Such a denial is proper because, as detailed in PLAINTIFF ROCEP LUSOL HOLDINGS LIMITED'S BRIEF IN ANSWER TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY, the claims of the '064 Patent are, in fact, valid under Rocep's claim construction. As detailed in that brief, the Defendants assertion of invalidity is based solely on a reference that was reviewed by the patent examiner during the prosecution of the '064 Patent. In essence, the Defendants ask for a second bite of the apple (i.e., a Court review of the reference), not because there is new, yet to be considered information, but simply because they did not like the result of the first bite (i.e., examiner's review of the reference). That type of argument should fail. Moreover, even if the Court were to ignore the fact that the examiner has reviewed the reference and found the claims of the '064 Patent to be patentable over it, as set forth in Rocep's brief, the Court, conducting its own review of the reference, should determine that the reference fails to disclose each and every element of the claims of the '064 Patent. Therefore, the Court should find that the claims of the '064 Patent are valid under Rocep's proposed claim construction.

contend in any of their opening briefs that the Accused Product does not infringe the claims of the '064 Patent should the Court adopt Rocep's claim interpretation. The only defense raised by the Defendants is that the claims are invalid. The Defendants had the opportunity to present evidence showing that the Accused Product lacks one or more elements of the asserted claims under Rocep's interpretation of the claims, but they failed to do so. As a result, the Defendants have implicitly acknowledged that their motion for summary judgment of non-infringement should be denied if the Court rightfully upholds the validity of the claims and properly construes the claims as proposed by Rocep.

Such a denial is proper because, as detailed in PLAINTIFF ROCEP LUSOL HOLDINGS LIMITED'S BRIEF IN ANSWER TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY, the claims of the '064 Patent are, in fact, valid under Rocep's claim construction. As detailed in that brief, the Defendants assertion of invalidity is based solely on a reference that was reviewed by the patent examiner during the prosecution of the '064 Patent. In essence, the Defendants ask for a second bite of the apple (i.e., a Court review of the reference), not because there is new, yet to be considered information, but simply because they did not like the result of the first bite (i.e., examiner's review of the reference). That type of argument should fail. Moreover, even if the Court were to ignore the fact that the examiner has reviewed the reference and found the claims of the '064 Patent to be patentable over it, as set forth in Rocep's brief, the Court, conducting its own review of the reference, should determine that the reference fails to disclose each and every element of the claims of the '064 Patent. Therefore, the Court should find that the claims of the '064 Patent are valid under Rocep's proposed claim construction.

The Defendants may attempt to invent new issues in a reply to this brief as to why the Accused Product would not infringe the claims of the '064 Patent even if the Court upholds the validity of the claims and adopts Rocep's claim construction. However, introduction of such new issues would be improper per the Court's local rules. *See* Rule 7.1.3 (c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.") The Defendants had the opportunity to file a full and fair opening brief on non-infringement that included a discussion of whether the Accused Product contains each and every element of the asserted claims in suit under Rocep's claim construction. The Defendants chose not to. Instead, the Defendants chose to assert non-infringement by merely asserting that the claims are not valid. Therefore, for purposes of summary judgment, it is now too late for the Defendants to present evidence that the Accused Product does not contain each and every element of the asserted claims under Rocep's claim construction.

### C. Under the Defendants' Claim Construction, the Claims are Valid and may not be Literally Infringed.

Rocep's proposed construction is proper. Details of Rocep's view on claim construction are presented in Rocep's Memorandum on Claim Construction. If the Court disagrees with Rocep's claim construction, the Court can do one of two things. First, it could develop its own claim construction, basing that construction on as much or as little of the parties arguments as it sees fit. Alternatively, it could adopt the Defendants' claim construction in its entirety. If the Court adopts the Defendants' exact claim construction, Rocep does not contest that the Accused Product would not literally infringe the asserted claims. However, any claim construction developed by the Court that is not a wholesale adoption of the Defendants' construction would raise questions of fact with regard to literal infringement that would negate

the Defendants' motion for summary judgment of non-infringement since the Defendants' summary judgment motion is based entirely on use of its claim construction.

In addition, a Court developed claim construction could also raise the issue of infringement under the doctrine of equivalents. The doctrine of equivalence is a judicially created doctrine developed to prevent an infringer from pirating the patentee's invention. *See Warner-Jenkinson*, 520 U.S. at 21.

Under the doctrine of equivalents, the "essential inquiry" is "[d]oes the accused product or process contain elements identical or equivalent to each claimed element of the patented invention?" *Warner-Jenkinson*, 520 U.S. at 40. This inquiry is performed on an "element-by-element basis." *Id.* Exact identity between the claimed invention and the accused process is not required. Consequently, factual issues as to whether an element is an "equivalent" are generally involved.

As such, should the Court develop its own claim construction, unanticipated factual issues likely will arise, particularly with respect to infringement under the doctrine of equivalents. If such a situation occurs, the new factual issues, having not been briefed by either side, would warrant the denial of the Defendants motion for summary judgment of non-infringement.

## V. CONCLUSION

For the reasons above, the Defendants motion for summary judgment of non-infringement should be denied if the Court properly upholds the validity of at least one of the claims asserted in this action and properly construes the/those claim(s) to mean something short of a wholesale adoption of the Defendants claim construction.

Respectfully submitted,

ROCEP LUSOL HOLDINGS LIMITED

Date: July 28, 2006   BY:   /s/ David P. Primack
DAVID P. PRIMACK (#4449)
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
Tel: 302-467-4224
Fax: 302-467-4201

ROBERT E. CANNUSCIO
Drinker Biddle & Reath LLP
One Logan Square, 18th & Cherry Streets
Philadelphia, PA 19103-6996
Tel: (215) 988-3303
Fax: (215) 988-2757

Attorneys for
ROCEP LUSOL HOLDINGS LIMITED