## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROCEP LUSOL HOLDINGS LIMITED,   )
       )
    Plaintiff/Counterclaim Defendant,   )
       )
    v.   )    Civil Action No. 05-141-KAJ
       )
PERMATEX, INC., and ULTRAMOTIVE   )
CORPORATION,   )
       )
    Defendants/Counterclaimants.   )

### PLAINTIFF ROCEP LUSOL HOLDINGS LIMITED'S
### BRIEF IN ANSWER TO DEFENDANT'S MOTION FOR
### SUMMARY JUDGMENT OF INVALIDITY

Respectfully submitted,

ROCEP LUSOL HOLDINGS LIMITED


DAVID P. PRIMACK (#4449)
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
Tel: 302-467-4224
Fax: 302-467-4201

ROBERT E. CANNUSCIO
Drinker Biddle & Reath LLP
One Logan Square, 18th & Cherry Streets
Philadelphia, PA 19103-6996
Tel: (215) 988-3303
Fax: (215) 988-2757

Attorneys for
ROCEP LUSOL HOLDINGS LIMITED

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... ii

I.    NATURE OF THE CASE AND OF PROCEEDINGS ...................................... 1

II.   LEGAL STANDARDS FOR SUMMARY JUDGMENT RELATED TO
      VALIDITY ........................................................................................................ 1

III.  STATEMENT OF FACTS ................................................................................. 4

IV.   ARGUMENT ..................................................................................................... 6

      A.    The '010 PCT Publication is Not an Invalidating Prior Art Reference ................ 6

            1.    The Patent Examiner Examining the Application that Issued as the
                  '064 Patent Considered the '010 PCT Publication During
                  Prosecution.................................................................................................. 6

            2.    The '010 PCT Publication Fails to Teach or Disclose All of the
                  Claim Limitations Recited in the Asserted Claims of the '064
                  Patent........................................................................................................... 8

            3.    The Court Should Deny Defendants' Motion for Summary
                  Judgment of Invalidity with Regard to the '010 PCT Publication........... 10

            4.    Since the '010 PCT Publication Lacks at Least One Element of
                  Claim 1 of the '064 Patent, it does not Invalidate Claims 2 and 6 .......... 10

      B.    The Defendants' Invalidity Based on their own Claim Interpretation is
            Faulty ..................................................................................................................... 10

V.    CONCLUSION.................................................................................................. 12

# TABLE OF AUTHORITIES

## CASES

*Akzo N.V. v. U. S. Int'l Trade Comm'n*, 808 F.2d 1471 (Fed. Cir. 1986)...........................3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ....................................................1,2

*Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443
    (Fed. Cir. 1986).............................................................................................. 2, 3, 6-7

*In re Baxter Travenol Labs*, 952 F.2d 388 (Fed. Cir. 1991) ...............................................3

*Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792
    (Fed. Cir. 1990)...............................................................................................................2

*Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555
    (Fed. Cir. 1992)..........................................................................................................3, 7

*Chore-Time Equipment, Inc. v. Cumberland Corp.*, 713 F.2d 774
    (Fed. Cir. 1983)...............................................................................................................2

*Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861 (Fed. Cir. 1985)..........................................3

*Markman v. Westview Instruments Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), *aff'd*,
    517 U.S. 370 (1996) .....................................................................................................11

*Palumbo v. Don-Joy Co.*, 762 F.2d 969 (Fed. Cir. 1985).................................................2

*Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 429 F.3d 1364 (Fed. Cir. 2005) .....................4, 11

*RCA Corp. v. Applied Digital Data Sys., Inc.*, 730 F.2d 1440
    (Fed. Cir. 1986)...............................................................................................................3

*SRI International. v. Matsushita Electric Corporation of America*, 775 F.2d 1107
    (Fed. Cir. 1985)...............................................................................................................1

*Southwall Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 1570
    (Fed. Cir. 1995),..............................................................................................................1

*Structural Rubber Products Co. v. Park Rubber Co.*, 749 F.2d 707
    (Fed. Cir. 1984)...............................................................................................................3

*United States v. Diebold, Inc.*, 369 U.S. 654 (1962).........................................................2

**STATUTES & RULES**

35 U.S.C. § 102 ..................................................................................................3

35 U.S.C. § 103 ..................................................................................................3

35 USC § 112 ..............................................................................................10, 11

35 U.S.C. § 282 ..............................................................................................2, 7

Fed. R. Civ. P. 56(c) ......................................................................................1, 2

## I.    NATURE OF THE CASE AND OF PROCEEDINGS

This case involves a claim for patent infringement.  Plaintiff Rocep Lusol Holdings Limited ("Rocep") is the owner of US Pat. 6,685,064 ("the '064 Patent") which claims a novel dispensing apparatus.  Rocep has brought an action against Ultramotive Corporation ("Ultramotive") and Permatex, Inc. ("Permatex") (collectively, "Defendants") for infringement of the '064 Patent.

Defendants' have filed an opening brief for summary judgment of invalidity of the '064 Patent.  This answering brief is being filed in response to the Defendants' opening brief.

## II.    LEGAL STANDARDS FOR SUMMARY JUDGMENT RELATED TO VALIDITY

1.    A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which states that summary judgment shall be granted only

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56.

2.    The moving party bears the burden of demonstrating absence of all genuine issues of material fact. *SRI International. v. Matsushita Electric Corporation of America*, 775 F.2d 1107, 1116 (Fed. Cir. 1985).

3.    A genuine issue is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986); *Southwall Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995), *cert. denied*, 116 S.Ct 515 (1995).

4.    The evidence presented must be viewed in a light most favorable to the nonmovant, and the court must draw all reasonable inferences in favor of the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Furthermore, the evidence submitted by the nonmovant, in opposition to a motion for summary judgment, is to be accepted as true. *Anderson,* 477 U.S. at 255. Any doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Palumbo v. Don-Joy Co.*, 762 F.2d 969, 973 (Fed. Cir. 1985).

5.    These legal standards for summary judgment apply equally for a patent case as for any other. *Becton Dickinson & Co. v. C.R. Bard Inc.*, 922 F.2d 792, 795-96 (Fed. Cir. 1990).

6.    Summary Judgment of patent invalidity is inappropriate where material facts are in dispute. *Chore-Time Equipment, Inc. v. Cumberland Corp.*, 713 F.2d 774 (Fed. Cir. 1983). As will be demonstrated below, the issue of whether the '064 Patent is invalid is rife with disputed facts. Moreover, Rule 56 requires that Defendants show they are entitled to judgment as a matter of law. Defendants have failed to make such a showing.

7.    This Court must start from the position that the '064 Patent is valid unless the Defendants can clearly and convincingly demonstrate otherwise. Section 282 of Title 35 of the United States Code states:

> A patent shall be presumed valid. Each claim of a patent... shall be presumed valid independent of the validity of the other claims.... The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.

The presumption of validity is based in part on the acknowledgement that patent examiners are experts in interpreting references and are familiar with the level of ordinary skill in the art. *See Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 447 (Fed. Cir. 1986) (*citing American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir.), *cert. denied*, 469 U.S. 821 (1984)).

8.     Furthermore, the law contemplates that patent examiners have done their job correctly. *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555 (Fed. Cir. 1992).

9.     In patent infringement litigation, the burden of persuasion as to validity is always on the party challenging the patent. *RCA Corp. v. Applied Digital Data Sys., Inc.*, 730 F.2d 1440 (Fed. Cir. 1986), and it remains there unless that party can prove, by clear and convincing evidence, that the claims are invalid. *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861 (Fed. Cir. 1985).

10.     That burden is especially high, and therefore more difficult to overcome, when a potentially invalidating reference was considered by the examiner during prosecution. *Bausch & Lomb, Inc.*, 796 F.2d at 447 ("when the prior art before the court is the same as that before the PTO, the burden on the party asserting invalidity is more difficult to meet").

11.     The ultimate question of patent validity is one of law. *In re Baxter Travenol Labs*, 952 F.2d 388 (Fed. Cir. 1991). The question of patent validity involves a determination of whether the claims in the patent are anticipated by or obvious in view of the prior art. Anticipation is a question of fact. *Akzo N.V. v. U.S. Int'l Trade Comm'n*, 808 F.2d 1471 (Fed. Cir. 1986). In their brief, the Defendants have only raised the issue of invalidity based on 35 U.S.C. §102 for "anticipation." Thus, a determination of invalidity of the claims under 35 U.S.C. §103 for "obviousness" is not before the Court in the current motions.

12.     In order to establish that a patent claim is invalid under 35 U.S.C. §102, the Defendants must show that each and every element of a claim is found in a single prior art reference. *Structural Rubber Products Co. v. Park Rubber Co.*, 749 F.2d 707 (Fed. Cir. 1984). If even a single element of the claim is missing from the reference, summary judgment of invalidity is inappropriate.

13.    Any ambiguity in claim language should "be resolved in a manner that would preserve the patent's validity." *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 429 F.3d 1364, 1376 (Fed. Cir. 2005) (*quoting Phillips v. AWH Corp.*, 415 F.3d 1303, 1327 (Fed. Cir. 2005)).

## III.    STATEMENT OF FACTS

There is one patent in suit: US Pat. 6,685,064 ("the '064 Patent").

The '064 patent issued on February 3, 2004, and is based on a PCT application filed on December 22, 2000, which claims priority from Great Britain application 9930773 filed on December 30, 1999. [Document No. 61, Exhibit B][1] The PCT application, PCT/GB00/04967, as originally filed included 15 claims. [Document No. 61, Exhibit C] Those claims formed the basis for the claims that were filed in the United States application, Application Serial No. 10/169,290, but were amended in a first preliminary amendment filed with the national application on June 28, 2002. [Document No. 61, Exhibit D- 66 to D- 71] The first preliminary amendment made non-substantive modifications to the claims to eliminate multiple dependencies and provide proper antecedent basis for some of the terms. Filed along with the preliminary amendment on June 28, 2002 was a Information Disclosure Statement ("IDS"). The IDS provided a list of references to be considered by the examiner. Included in that list was WO 9918010 ("the '010 PCT Publication"). [Exhibit A][2]

A second preliminary amendment was filed on October 9, 2002. [Document No. 61, Exhibit D- 35 to D-39] The second preliminary amendment included more substantive

---

[1] The "Document No." corresponds to the document number on the Court docket.

[2] Exhibits that were not previously filed with Rocep's opening briefs are included in an appendix corresponding to Rocep's three answering briefs.

amendments to the claims, including the cancellation of original claims 3-5, 10, 13 and 14.  The second preliminary amendment also included an amendment of claim 1 to identify the "valve" as a "tilt valve", and to include threads on the valve stem and the inside of the nozzle assembly. The amendments were made to place the claims in better form for examination and to cover one the two distinct embodiments described in the specification.  The other embodiment disclosed in the specification was claimed in a separate application that issued as U.S. Patent No. 6,820,777. [Exhibit B]

During prosecution of the application, there were no substantive rejections of the claims made by the United States Patent and Trademark Office ("USPTO").  That does not mean that the examiner did not examine the application.  On the contrary, the examiner reviewed the prior art references submitted by the applicant, identified and reviewed other references, and made minor amendments to the specification.  [Document No. 61, Exhibit D-8 to D-17]  The minor amendments were included in a Notice of Allowance issued by the USPTO on October 1, 2003. [Document No. 61, Exhibit D-12]  Evidence that the examiner reviewed the prior art was included in the form of initialed and signed copies of the IDS previously submitted by the applicant.  [Document No. 61, Exhibit D-15 to D-17]   Having reviewed the prior art, including the '010 PCT Publication, the examiner found the claims to be patentable.  The examiner noted the following regarding his reasons for allowing the claims: "the prior art fails to disclose or render obvious a dispensing apparatus in combination with the other claimed limitations of claim 1".  [Document No. 61, Exhibit D-11 to D-14]

Thus, the prosecution history expressly shows that claims 1-9 in the '064 Patent were properly found to be patentable over the '010 PCT Publication.

## IV.    ARGUMENT

The Defendants contend that the '010 PCT Publication[3] is an invalidating prior art reference should the terms of the asserted claims be construed as Rocep proposes.  Further, the Defendants contend that the terms of the asserted claims lack proper support should the terms of the asserted claims be construed as the Defendants propose.  Both of these contentions are incorrect.  Moreover, the Defendants fail to provide clear and convincing evidence that '064 Patent is invalid under either Rocep's claim construction or the Defendants' claim construction.

### A.    The '010 PCT Publication is Not an Invalidating Prior Art Reference.

The '010 PCT Publication was published April 15, 1999, which is more than one year before the filing of the application that resulted in the '064 Patent.  Consequently, the '010 PCT Publication can be considered a prior art reference, but that alone does not mean that it is an invalidating prior art reference.  In fact, it is not.

    1.    *The Patent Examiner Examining the Application that Issued as the '064 Patent Considered the '010 PCT Publication During Prosecution.*

The '010 PCT Publication was disclosed to the patent examiner during prosecution [Document No. 61, Exhibit D-72 to D-74].  The examiner, who is generally well versed in the field of technology to which the patent relates and possesses the necessary expertise in interpreting the references and familiarity with the level of skill in the art, *see Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 447 (Fed. Cir. 1986) (*citing*

---

[3]    The Defendants define PCT Application No. PCT/GB98/03003 (International Publication Number WO 99/18010) on page 6 of their brief as the "Prior Art Reference."  However, the heading on page 11 of Defendants' brief states that "The Asserted Claims of the '064 Patent are Anticipated by **the '951** Under the Construction Proposed by the Plaintiffs."  Although it is not entirely clear from footnote 3, it appears that reference to "the '951" is intended to be a reference to US Patent No. 6,321,951, which the Defendants acknowledge shares an identical disclosure with the "Prior Art Reference."  The discussion herein is based on this understanding.

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir.), *cert.*

*denied*, 469 U.S. 821 (1984)), considered the '010 PCT Publication as evidence by the initialed

PTO-1449 form that is part of the prosecution history [Document No. 61, Exhibit D-16] and as

further evidenced by the citation of the patent reference on the front of the '064 Patent.

[Document No. 61, Exhibit A-1]  Having considered the '010 PCT Publication, as well as the

other references of record in the prosecution, the examiner allowed the claims of the application

which issued as the '064 Patent.

The Defendants' omitted this critical fact in their opening brief.  That is, the

Defendants failed to disclose to the Court that the very prior art reference they were relying upon

was considered by the examiner and the examiner determined that the claims of the '064 Patent

were patentable over it.  Thus, the United States Patent and Trademark Office has already found

the claims in the '064 Patent to be patentable over the '010 PCT Publication.

The Defendants are now asking the Court to find differently without providing a

shred of evidence as to what new facts should cause the Court should throw out a proper

patentability review conducted by the examiner.  Nothing has changed.  The examiner reviewed

the reference and the claims.  The Defendants are essentially asking for is a second review.  By

statute, the '064 Patent is presumed valid.  35 U.S.C. § 282 (2006).  This presumption is

especially strong, and therefore more difficult to overcome, when, as in this case, the reference

asserted to allegedly invalidate the patent was considered by the examiner during prosecution.

*See Bausch & Lomb, Inc.*, 796 F.2d at 447 ("when the prior art before the court is the same as

that before the PTO, the burden on the party asserting invalidity is more difficult to meet").  The

law contemplates that patent examiners have done their job correctly.  *Brooktree Corp.*, 977 F.2d

1555 (Fed. Cir. 1992).  The fact that the Defendants do not like the examiner's decision to grant

the '064 Patent is not sufficient grounds for establishing clear and convincing evidence of

invalidity. Without any evidence to establish why the examiner was wrong, the invalidity

argument should not even be considered.

In summary, the Defendants have not provided any evidence to support why the

'010 PCT Publication is an anticipatory prior art, instead electing to hide the fact that the '010

PCT Publication was, indeed, already considered by the examiner during prosecution of the '064

Patent. For this reason alone, the Defendants' motion should be denied.

2.    ***The '010 PCT Publication Fails to Teach or Disclose All of the Claim Limitations Recited in the Asserted Claims of the '064 Patent.***

The Defendants' motion also fails since, as set forth below, when read in its

entirety, the '010 PCT Publication fails to teach or disclose a tilt valve as claimed in the '064

Patent. As such, the '010 PCT Publication lacks at least one limitation of the asserted claims

and, therefore, the '010 PCT Publication cannot be an invalidating prior art reference.

In its brief, the Defendants' argue that the '010 PCT Publication discloses a tilt

valve. However, this is not correct. The only dispenser valve disclosed in the '010 PCT

Publication is a complex valve assembly that is constructed to open upon vertical displacement.

[*See,* Exhibit A] That is one of the critical features of the '010 PCT Publication.

The passage that the Defendants rely upon to support their invalidity position is as

follows:

> It should be noted that the boss portion 224 is only one of many
> possible fittings for the top piece 226. The top piece 226 is a
> standard open top cone and may, in other embodiments, have other
> valve assemblies fitted therein. For example, a standard aerosol
> valve such as a spray valve or tilt valve (for dispensing cream, etc)
> may be fitted.

[Exhibit A]  While the passage above uses the phrase "tilt valve", it does not teach that a tilt valve could be used in that invention or in combination with the other elements disclosed in the '010 PCT Publication.  On the contrary, the cited passage describes the top cone (top of the container) onto which a specifically constructed vertical dispenser is fitted.  The reference to the tilt valve was for defining the type of cone (container) that the inventor considered to be useful with his dispenser.  That is, he was defining the type of cone that could be used as the kind that is sometimes used with spray or tilt valves.  Bernard Frutin, the inventor of the invention described in the '010 PCT Publication, testified extensively to this fact during his deposition.  [Exhibit C-17 to C-27]  At the time that the '010 PCT Publication was filed, those skilled in the art believed that the highly viscous materials, such as polysulfides, used in the device described in the '010 PCT Publication could not be dispensed using conventional valves, hence the need for the improved dispenser disclosed in the '010 PCT Publication.  Even if, contrary to the disclosure of the '010 PCT Publication, a lower viscosity material is used in a container taught by the '010 PCT Publication, the resulting container would simply "spread the ceilings" with the material.  This was clearly described by Mr. Frutin during his deposition.  [Exhibit C-25, ll. 9 -15)]  The incompatibility of a tilt valve on a container constructed with the teachings of the '010 PCT Publication results from, among other reasons, the size, location, and construction of the discharge opening on the valve stem as taught by the '010 PCT Publication.  [Exhibit C-18 to C-19]

Hence, contrary to the Defendants' assertion, the passage it relies solely on for support of its invalidity position does not teach that a tilt valve can be used with the container disclosed in the '010 PCT Publication.  Rather, the passage uses the term "tilt valve" to define a standard cone, which is the top portion of a container.  This understanding is further evidenced

by the fact that the passage also refers to a spray valve which, like a tilt valve, would be completely inoperable if applied to the container described in the '010 PCT Publication. Therefore, the '010 PCT Publication fails to disclose at least this element of claim 1 of the '064 Patent.

3.    ***The Court Should Deny Defendants' Motion for Summary Judgment of Invalidity with Regard to the '010 PCT Publication.***

The Defendants have failed to produce clear and convincing evidence that overcomes the presumption of validity afforded the '064 Patent. In particular, the Defendants have failed to show that the '010 PCT Publication discloses each and every element recited in claim 1 of the '064 Patent. At most, the Defendants have identified a factual dispute between the parties as to what the '010 PCT Publication does in fact teach. In either case, summary judgment of invalidity with regard to the '010 PCT Publication invalidating claim 1 of the '064 Patent is improper. Therefore, the Court should deny the Defendants' motion.

4.    ***Since the '010 PCT Publication Lacks at Least One Element of Claim 1 of the '064 Patent, it does not Invalidate Claims 2 and 6.***

Claims 2 and 6 depend from claim 1. As a result, claims 2 and 6 include each and every element of claim 1. Because the Defendants have failed to provide clear and convincing evidence that the '010 PCT Publication teaches each and every element of claim 1, they have also failed to provide clear and convincing evidence that the '010 PCT Publication teaches each and every element of claim 2 and claim 6. Therefore, the Defendants' motion for summary judgment on invalidity with regard to claim 2 and with regard to claim 6 should be denied.

**B.    The Defendants' Invalidity Based on their own Claim Interpretation is Faulty.**

In making the argument that, under *their own* claim construction, the asserted claims lack adequate written support under 35 USC § 112, the Defendants' are putting the rabbit in the hat.

The Defendants spend considerable length in their opening claim construction brief asserting why their interpretation is true and correct and within the guidelines of proper claim construction. However, at the same time, the Defendants, argue in their invalidity brief that there is no support for their own claim construction. If, as the Defendants now allege, the claims lack support under §112, then that should have been the argument that the Defendants presented in their brief on claim construction. It was not. Instead, the Defendants argued that their interpretation was proper and supported by the intrinsic evidence, They now argue the opposition position. These contradictory positions should cause the Court to seriously question the positions advocated by the Defendants in their briefs.

The Defendants, in essence, argue that they have developed an interpretation of the claims for purposes of fostering an invalidity argument. This is an improper way to interpret claims. In contrast, Rocep have presented a claim construction based on the intrinsic evidence of the patent, support for which is detailed in Plaintiff Rocep Lusol Holdings Limited's Motion to Adopt Plaintiff's Proposed Claim Construction, and which corresponds with the legal presumption of validity. Rocep's approach is the proper way to construe the claims. *See Markman v. Westview Instruments Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996) (*quoting Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 1561 (Fed. Cir. 1991)) (finding to determine the ordinary and customary meaning, the court must initially "consider three sources: the claims, the specification, and the prosecution history."); *see also Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 429 F.3d 1364, 1376 (Fed. Cir. 2005) (*quoting Phillips*, 415 F.3d at 1327) (finding any ambiguity in claim language should "be resolved in a manner that would preserve the patent's validity"). The Defendants' interpretation is purposefully designed to attack validity, without regard to the true interpretation of the claims. At most, the Defendants'

argument amounts to a simple admission that their claim construction is improper.  Therefore, the Court should not adopt the Defendants' claim construction, and as a result should deny the Defendants' motion for summary judgment of invalidity that is based on that interpretation.

As discussed above and set forth in Rocep's brief in support of its claim construction, the claims are not ambiguous at all.  Since there is an interpretation of the claims that is not ambiguous, Defendants' admitted construction of the claims to support ambiguity cannot hold up.

## V.    CONCLUSION

As discussed above, the Defendants have failed to provide credible evidence, much less clear and convincing evidence, that the '064 Patent is invalid under either Rocep's claim construction or Defendants' claim construction.  Therefore, the Court should deny the Defendants' motion for summary judgment on invalidity.

Respectfully submitted,

ROCEP LUSOL HOLDINGS LIMITED

Date: July 28, 2006          BY:    /s/ David P. Primack
                                    DAVID P. PRIMACK (#4449)
                                    Drinker Biddle & Reath LLP
                                    1100 North Market Street, Suite 1000
                                    Wilmington, DE 19801-1254
                                    Tel: 302-467-4224
                                    Fax: 302-467-4201

                                    ROBERT E. CANNUSCIO
                                    Drinker Biddle & Reath LLP
                                    One Logan Square, 18th & Cherry Streets
                                    Philadelphia, PA  19103-6996
                                    Tel: (215) 988-3303
                                    Fax: (215) 988-2757

                                    Attorneys for
                                    ROCEP LUSOL HOLDINGS LIMITED