IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCEP LUSOL HOLDINGS LIMITED )<br>)<br>Plaintiff and Counterclaim Defendant, )<br>)<br>v. )<br>PERMATEX, INC. and )<br>ULTRAMOTIVE CORPORATION )<br>)<br>Defendants and Counterclaim Plaintiffs ) | Civil Action No. –CV-05-141(KAJ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO**

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

**OF U.S. PATENT NO 6,685,064**

John G. Harris, Esq. (No. 4017)
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Tel. (302) 778-7500
Fax (302) 778-7557

OF COUNSEL:
Lloyd McAulay
Stephen Chin
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
Tel. (212) 521-5400
Fax: (212) 521-5450

## Table of Contents

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................... 1

    A. Plaintiff Does Not Deal With The Sole Issue Raised In Defendants' Motion For Summary Judgment Of Non-Infringement ................................... 1

    B. Plaintiff Rocep's Arguments Under Section IV.B Of Its Brief Concerning (i) The Validity Issues Raised By Defendants In Their Invalidity Brief And (ii) The Claim Construction Issues Raised By Plaintiff In Its Claim Construction Briefs Are Irrelevant To This Motion ......................................................................................................................... 2

    C. In Section IV.C Of Its Brief, Plaintiff Appears To Concede Non-Infringement Under Defendants' Claim Construction Of The 'Sealingly Engageable' Limitation ........................................................................ 2

III. SUMMARY AND CONCLUSION ............................................................................... 3

Defendants, Permatex, Inc. and Ultramotive Corporation (collectively, "Defendants"), respectfully submit the following memorandum in reply to Plaintiff's opposition to Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,685,064.

I. **INTRODUCTION**

Defendants' motion for summary judgment of non-infringement focuses on a single contention. Defendants contend that under Defendants' proposed construction of the "sealingly engageable" claim limitation, the Accused Products do not infringe the patent claims in suit as a matter of law. For the purposes of this summary judgment motion, and only for the purposes of this motion, other issues of claim construction, claim non-infringement and patent validity are not relevant.

II. **ARGUMENT**

    A. **Plaintiff Does Not Deal With The Sole Issue Raised In Defendants' Motion For Summary Judgment Of Non-Infringement**

Plaintiff's opposition papers do not directly deal with the one issue that is the basis for this motion for summary judgment. That single issue is that there is no infringement because the Accused Products do not have the limitation of:

**"a nozzle assembly sealingly engageable with the hinge assembly."**

Instead, Plaintiff Rocep deals with issues not relevant to Defendants' motion, with arguments about Plaintiff Rocep's claim construction, patent validity, and the possibility of alternate constructions by the Court. These are admittedly legitimate issues in this case and are dealt with in the Claim Construction Hearing briefs, other summary judgment motions and some to be dealt with at trial.

1

**B.   Plaintiff Rocep's Arguments Under Section IV.B Of Its Brief Concerning (i) The Validity Issues Raised By Defendants In Their Invalidity Brief And (ii) The Claim Construction Issues Raised By Plaintiff In Its Claim Construction Briefs Are Irrelevant To This Motion**

Defendants did not move for summary judgment of non-infringement under Plaintiff's proposed construction. Defendants' motion is based on Defendant's claim construction concerning the "sealingly engageable" limitation. Thus any discussion of Plaintiff Rocep's claim construction is irrelevant to this motion.

Similarly, Plaintiff's validity-related argument (Plaintiff's opposition, page 8) are irrelevant to the non-infringement issue presented by Defendant's motion. Defendants summary judgment motion is that under Defendants' proposed construction of the "sealingly engagable" issue, Defendants' Accused Products do not infringe as a matter of law. This motion and argument do not address the issue of patent validity

**C.   In Section IV.C Of Its Brief, Plaintiff Appears To Concede Non-Infringement Under Defendants' Claim Construction Of The 'Sealingly Engageable' Limitation**

Near the bottom of page 9 of its opposition brief, Plaintiff Rocep states:

> "If the Court adopts the Defendants' exact claim construction,
> Rocep does not contest that the Accused Product would not
> literally infringe the asserted claims."

It is not clear whether Plaintiff Rocep is referring to all three claim construction issues raised by Defendants or just to the claim construction of the limitation concerning the "sealingly engageable" relation between nozzle and hinge assembly. On the assumption that Plaintiff intends to deal with the one limitation that is the basis for this summary judgment motion, Defendants presume the latter. Accordingly, it appears that Plaintiff agrees with Defendants that adoption of Defendants' claim construction of the "sealingly engageable" limitation would result in literal infringement.

2

Near the bottom of page 9, Plaintiff refers to the possibility of the court developing its own construction if it does not adopt either the Rocep construction or the Defendants' construction. Then in the sentence that runs from page 9 to ten, Plaintiff asserts that this Court cannot find summary judgment with regard to literal infringement if it should adopt its own construction. In addition, near the top of page 10, Plaintiff states: "...a Court developed claim construction could also raise the issue of infringement under the doctrine of equivalents". Defendants disagree with these statements.

Defendants motion sets forth three related reasons why the "sealingly engageable" limitation is not found in the Accused Products. Adoption by the Court of any one of these reasons, under Defendants' proposed construction or the Court's own, should result in a holding of no literal infringement. Those reasons are (a) no contact, (b) no seal and (c) no leakage prevention.

The doctrine of equivalents would not also apply for the reason set forth at Sec. IV.B of Defendants moving memorandum. Defendants can not comment on "any Court developed claim construction" unless such is developed.

### III.   SUMMARY AND CONCLUSION

Defendants respectfully request entry of summary judgment of non-infringement of the asserted claims of the patent in suit by the Accused Products for the reasons provided in Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,685,064 and the memoranda and declarations filed in support thereof.

Date: <u>August 4, 2006</u>          By:          <u>/s/ John G. Harris</u>
                                                  John G. Harris, Esq. (No. 4017)
                                                  Reed Smith LLP
                                                  1201 Market Street, Suite 1500
                                                  Wilmington, DE  19801
                                                  Tel. (302) 778-7500
                                                  Fax (302) 778-7557

OF COUNSEL:
Lloyd McAulay
Reed Smith LLP
599 Lexington Avenue
New York, NY  10022
Tel. (212) 521-5400
Fax: (212) 521-5450