IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROCEP LUSOL HOLDINGS LIMITED,    )
                                         )
     Plaintiff/Counterclaim Defendant,    )
                                         )
     v.                                )     Civil Action No. 05-141-KAJ
                                       )
PERMATEX, INC., and ULTRAMOTIVE   )
CORPORATION,                    )
                                       )
     Defendants/Counterclaimants.    )

**SUPPLEMENT TO EXHIBIT C OF THE APPENDIX TO
PLAINTIFF ROCEP LUSOL HOLDINGS LIMITED'S
BRIEFS IN ANSWER TO DEFENDANTS' OPENING CLAIM CONSTRUCTION
BRIEF AND DEFENDANTS' OPENING SUMMARY JUDGMENT BRIEFS OF
<u>NON-INFRINGEMENT AND INVALIDITY</u>**

Respectfully submitted,

ROCEP LUSOL HOLDINGS LIMITED

DAVID P. PRIMACK (#4449)
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
Tel: 302-467-4224
Fax: 302-467-4201

ROBERT E. CANNUSCIO
Drinker Biddle & Reath LLP
One Logan Square, 18th & Cherry Streets
Philadelphia, PA 19103-6996
Tel: (215) 988-3303
Fax: (215) 988-2757

Attorneys for
ROCEP LUSOL HOLDINGS LIMITED

PHIP\523234\1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROCEP LUSOL HOLDINGS LIMITED,    )
                                 )
    Plaintiff/Counterclaim Defendant,    )
                                 )
    v.                           )        Civil Action No. 05-141-KAJ
                                 )
PERMATEX, INC., and ULTRAMOTIVE    )
CORPORATION,                     )
                                 )
    Defendants/Counterclaimants.    )

---

## DECLARATION OF ROBERT CANNUSCIO

Pursuant to 28 U.S.C. § 1746, I, Robert Cannuscio, do affirm and declare as follows:

1.    I am a partner of Drinker Biddle & Reath LLP, counsel for the Plaintiff Rocep Lusol Holdings Limited, and I make this Declaration in support of Plaintiff Rocep Lusol Holdings Limited's Brief in Answer to Defendant's Motion for Summary Judgment of Invalidity.

2.    Attached hereto as Exhibit C-1 is a true and correct copy of the Errata Sheet for the Deposition of Bernard Frutin, which was timely prepared in accordance with Federal Rules of Civil Procedure 30 (e).

3.    The Errata Sheet supplements Exhibit C of the Appendix for Plaintiff Rocep Lusol Holdings Limited's Briefs in Answer to Defendants' Opening Claim Construction Brief and Defendants' Opening Summary Judgment Briefs of Non-Infringement and Invalidity.

4.     The Errata Sheet was initially transmitted via fax to counsel for the Defendants on August 10, 2006.

I hereby declare under the penalties of perjury that the above is true and correct. Executed on the 16th day of August 2006.

 

 

Robert Cannuscio

# EXHIBIT C-1

PHIP\523234\1

***ERRATA SHEET ***

NAME OF CASE: Rocep v. Permatex
DATE OF DEPOSITION: 7 / 10 / 06
NAME OF WITNESS: Bernard Frutin
Reason codes:
    1.  To clarify the record.
    2.  To conform to the facts.
    3.  To correct transcription errors.

Page 8, line 5          Reason: 3
Change - It was a long time.  It was a long time.
To - It was a long time.  It was a long time ago.

Page 10, lines 16-17    Reason: 2
Change - It was called Rocep.  That was 1970 something.
To - It was called Research Organisation for the Control of Environmental
Pollution Limited (ROCEP).  That was 1973.

Page 10, line 21        Reason: 2
Change - Yes
To - Yes, although it changed is name to Rocep Lusol Holdings in 1979.

Page 12, line 13        Reason: 3
Change - Galbrith
To - Galbraith

Page 13, line 13        Reason: 2
Change - It was to supply a company called
To - Manufacturer of patented Barrier Aerosol Dispensing Systems and assembly
and contact filling of BP Aerosols and Chemical Cleaning Fluids.  It supplied
Henkel and others.

Page 14, line 7         Reason: 1
Change - selling licenses.
To - selling licenses and product development.

Page 28, line 16    Reason: 3
Change - boat
To - both

Page 44, line 22    Reason: 3
Change – Linrock
To - Linroc
Note: this change should be made throughout the transcript.

1

C-28

Page 44, line 22  . Reason: 2
Change – Custer. C-U-S-T-E-R.
To - Coster. COSTER.

Page 59, line 2          Reason: 3
Change - steal
To - seal.

Page 66, line 20    Reason: 2
Change – plastic plug
To - plastic cone.

Page 66, line 25    Reason: 3
Change - probably sulphates
To - polysulphide

Page 68, lines 22-25        Reason: 1
Change – I think what was meant there was that the standard cone that he has
described, which is the top portion of an aerosol, which would normally have any
kind of valve in it could be used.
To - What was meant there was that the patent attorney has described a
standard cone, which is the top portion of an aerosol which, in another
embodiment, normally would have any kind of valve in it.

Page 69, lines 2-3  Reason: 1
Change - And I think that reference is to the spray valves, because spray valves
is a nonsense.
To - And I think that reference is to valves in general, including spray valves,
because spray valves in the context of this embodiment are nonsense.

Page 69, lines 6-10  Reason: 1
Change - Spray valve with a tilt valve was a way of identifying the standard cone,
which is the standard in the industry top of an aerosol valve which could be put
onto that can and then I could put my assembly onto it.
To – Spray valves and tilt valves was only a way of identifying a standard cone
which is the industry standard for the top of an aerosol.

Page 69, lines 10-12        Reason: 1
Change - I don't think it tells you that you can actually put a tilt action valve on an
aerosol spray on this can.  That's nonsense.
To - It does not imply that you can actually put a tilt action valve or an aerosol
spray valve on this design.  That's nonsense. With regard to this section, it is
describing the type of cone that can be used with the can in Figures 13.  It has
nothing to do with the unique valve design in Figures 1-9.  A tilt valve could not
be used in the patented valve shown in Figures 1-9.  Figures 10-19 relate to a

2

C - 29

separately patented double piston device.  The section refers to that double piston device.

Page 69, line 15    Reason: 1
Change - I don't know.  The whole patent was to do with viscous materials, so I couldn't tell you.
To - I don't know.  This patented valve design had to do with viscous materials. So I couldn't tell you.

Page 73, lines 24-25       Reason: 1
Change - For example, standard aerosols, sprays, cone, tilt action valves.
To - For example, standard aerosol sprays and tilt action valves.

_10 th Aug. 2006_
Date

_Bernard Frutin_
Bernard Frutin

3

C-30