IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCEP LUSOL HOLDINGS LIMITED )<br>)<br>Plaintiff and Counterclaim defendant, )<br>)<br>v. )<br>PERMATEX, INC. and )<br>ULTRAMOTIVE CORPORATION )<br>)<br>Defendants and Counterclaim plaintiffs )<br>)<br>)<br>)<br>) | Civil Action No. CV-05-141(KAJ) |

## PRELIMINARY JURY INSTRUCTIONS OF DEFENDANTS

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

### The Parties

The case is an action for patent infringement arising under the patent laws of the United States. The parties are the plaintiff, ROCEP LUSOL HOLDINGS LIMITED, or "Rocep" for short, and PERMATEX, INC. and ULTRAMOTIVE CORPORATION, the defendants, which may be referred to as Permatex and Ultramotive, or collectively as Defendants for short.

Plaintiff is the owner of United States Patent No. 6,685,064. It may be called the patent in suit or the '064 patent by the lawyers and witnesses in this case. Plaintiff contends that defendents make, use, and sell products that infringe the '064 patent. Noninfringement, invalidity, and unenforceability are defenses to a charge of infringement. In this action, Defendants deny that they infringe the patent in suit. Defendants also contend that the patent in suit is invalid.

Constitutional Basis for Patent Grant

The United States Constitution, Article I, Section 8, grants the Congress of the United States the power to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

Exclusionary Right and Term of a Patent

Whenever a patent is issued by the United States Patent and Trademark Office, the patent law gives the patent owner, in this case Plaintiff Rocep, the right to exclude others from making, using and selling the invention throughout the United States for a period of 20 years from the date the application for the patent is filed.

The Parts of a Patent

I will next briefly describe the parts of a patent and some of the procedures followed by those attempting to obtain patents. Many of the terms used by me in this description are contained in a "Glossary of Patent Terms" which will be given to you along with a copy of these preliminary instructions. Feel free to refer to this Glossary throughout the trial.

For an invention to be patentable, it must be new, useful, and, at the time the invention was made, must not have been obvious to a person having ordinary skill in the art to which the subject matter pertains.

Under the Patent Laws, the Patent and Trademark Office examines patent applications and issues patents. A person applying for a patent must include a number of matters in his or her application, including the following: (1) a detailed description of the invention in terms sufficiently full, clear, concise and exact to enable any person skilled in the art to which the invention pertains to be able to make and use the invention; and (2) a disclosure of the best mode of carrying out the invention known to the inventor at the time of filing.

The application includes a written description of the invention called a "specification" and may include drawings that illustrate the invention. The specification concludes with one or

more claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention.

When a patent application is received at the Patent and Trademark Office, it is assigned to an examiner, who examines the application, including the claims, to ascertain whether the application complies with the requirements of the U.S. Patent Laws. The examiner reviews files of prior work, normally patents and publications. This type of material is called "prior art." Documents found in the search of prior area are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched.

The compilation of the papers concerning the proceedings before the Patent Office is called the "prosecution history" or "file wrapper."

If, after reviewing the prior art maintained at the U.S. Patent and Trademark Office and any amendments to the claims made by the applicants, the examiner concludes that the claims presented by the applicant patentably define the applicant's claimed invention over the most relevant known prior art, the application is granted as a U.S. Patent.

A patent gives its owner the right to exclude others from making, using or selling the patented invention.

<u>Summary of the Patent Issues</u>

In this case, you must decide several things according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide:

1.     Whether the Plaintiff has proved that Defendants infringe Claims 1, 2, and 6 of the '064 by making, using or selling any of their accused products;

2.     Whether the Plaintiff has proved that the Defendants engaged in willful acts of infringement in making, using or selling any of their accused products;

3.     Whether the Defendants have proved that Claims 1, 2 and/or 6 of the '064 patent-in-suit are invalid.

    4.       What amount of damages, if any, the Plaintiff has proved.

### Duty of Jury

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case. Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

    1.       Statements, arguments, and questions by lawyers are not evidence.

    2.       Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or document. If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial I will try to clarify this for you at that time.

    3.       Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

Burden of Proof

This is a civil case. The plaintiff has the burden of proving infringement and damages by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence which, when considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendents's evidence on the opposite sides of a scale, the evidence supporting the plaintiff's claims would have to make the scales tip somewhat on his side. If plaintiff fails to meet this burden, your verdict must be for defendents.

In this case, defendents is urging that plaintiff's patent is invalid. A patent, however, is presumed to be valid. Accordingly, defendents has the burden of proving that the patent-in-suit is invalid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden then proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiff has met his burden of proof by a preponderance of the evidence in this case.

Conduct of the Jury

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My Courtroom deputy will arrange for pens, pencils and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use--they are not to be given or read to anyone else. Would anyone like a pad of paper and pen?

Course of the Trial

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, the plaintiff will present his witnesses, and the defendents may cross-examine them. Then the defendents will present his witnesses, and the plaintiff may cross-examine them.

After all of the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

At the end of this trial and before you begin your deliberations, I will read and give you a copy of written instructions on the law.

Date: December 13, 2006  Respectfully Submitted
     Wilmington, Delaware

By: /s/ Thad Bracegirdle
    Thad Bracegirdle, Esq. (No. 3691)
    REED SMITH LLP
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    Tel. (302) 778-7500
    Fax (302) 778-7557

OF COUNSEL:
Lloyd McAulay, admitted *pro hac vice*
Stephen Chin, admitted *pro hac vice*
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel. (212) 521-5400
Fax: (212) 521-5450

## GLOSSARY OF PATENT TERMS

| | |
|---|---|
| <u>Assignment</u> | Transfer of ownership rights in a patent or patent application from one person or company to another. |
| <u>Claims</u> | That part of a patent which defines the scope of the patent grant. These are found at the end of the patent specification in the form of numbered paragraphs. |
| <u>Disclosure of description</u> | That part of the patent specification which explains how the invention works and usually includes a drawing. |
| <u>File wrapper</u> | The written record of proceedings in the Patent Office including the original patent application and subsequent communications between the Patent Office and applicant. This is also known as the prosecution history of the patent. |
| <u>Patent Application</u> | The initial papers filed in the United States Patent and Trademark Office (patent Office or PTO) by an applicant. These typically include a specification, drawings, claims and the oath (Declaration) of applicant. |
| <u>Patent Examiners</u> | Personnel employed by the Patent Office having expertise in various technical areas who review (examine) patent applications to determine whether the claims of a patent application are patentable and the disclosure adequately describes the invention. |
| <u>Prior art</u> | Any information which is used to describe public, technical knowledge prior to the invention by applicant or more than a year prior to his/her application. |
| <u>References</u> | Any item of prior art (publication or patent) used to determine patentability. |
| <u>Specification</u> | That part of the patent application or patent which describes the invention, including the drawings, and concludes with one or more claims. |