IN THE UNITED STATES DISTRICT COURT FOR THE

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCEP LUSOL HOLDINGS LIMITED | ) | Civil Action No. CV-05-141(KAJ) |
| | ) | |
| Plaintiff and Counterclaim defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PERMATEX, INC. and | ) | |
| ULTRAMOTIVE CORPORATION | ) | |
| | ) | |
| Defendant and Counterclaim plaintiffs | ) | |
| | ) | |
| | ) | |

## POST TRIAL JURY INSTRUCTIONS OF DEFENDANTS

## I.    SUMMARY OF PATENT ISSUES

I will now summarize the issues that you must decide and for which I will provide instructions to guide your deliberations.  You must decide the following four main issues:

1.    Whether the Plaintiff has proved that Defendants infringed Claims 1, 2, and 6 of the '064 by making, using or selling any of the accused products.

2.    Whether the Plaintiff has proved that the Defendants engaged in willful acts of infringement with respect to any of the accused products.

3.    Whether the Defendants have proved that Claims 1, 2 and/or 6 of the '064 patent-in-suit are invalid.

4.    What amount of damages, if any, the Plaintiff has proved.

## II.    CLAIM CONSTRUCTION - GENERALLY

Before you decide whether the Defendants have infringed the claims of the '064 patent or whether the '064 patent is valid, you will have to understand the patent claims. The patent claims are numbered sentences at the end of the patent. The patent claims involved here are 1, 2, and 6, beginning at column 6, line 53 of the patent, which is exhibit [___] in evidence. The claims are "word pictures" intended to define, in words, the boundaries of the invention. Only the claims of the patent can be infringed. Neither the written description, which we have already discussed, nor the drawings of a patent can be infringed. Each of the claims must be considered individually. You must use the same claim meaning for both your decision on infringement and your decision on validity.

## **AUTHORITY**

35 U.S.C. 112; *Phillips v. AWH Corp.*, 415 F.3d 1303, 75 U.S.P.Q.2d 1321 (Fed. Cir. 2005); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277 (Fed. Cir. 2000); *Tanabe Seiyaku Co. v. United States Int'l Trade Comm'n*, 109 F.3d 726 (Fed. Cir. 1997); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820 (Fed. Cir. 1989); *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878 (Fed. Cir. 1988); *Panduit Corp. v. Dennison Mfg. Co.*, 836 F.2d 1329 (Fed. Cir. 1987); *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538 (Fed. Cir. 1987).

## III.    CLAIM CONSTRUCTION FOR THE CASE

It is my job as judge to provide to you the meaning of any claim language that must be interpreted.  You must accept the meanings I give you and use them when you decide whether any claim of the patent has been infringed and whether any claim is invalid.  I will now tell you the meanings of the following words and groups of words from the patent claims.

**[READ COURT'S CLAIM CONSTRUCTIONS – not yet known]**

You should give the rest of the words in the claims their ordinary meaning in the context of the patent specification and prosecution history.

## AUTHORITY

*Phillips v. AWH Corp.*,  415 F.3d 1303, 75 U.S.P.Q.2d 1321 (Fed. Cir. 2005); *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed. Cir. 1995) (en banc) *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.,* 859 F.2d 878 (Fed. Cir. 1988).

## IV.   INFRINGEMENT - GENERAL

I will now instruct you as to the rules you must follow when deciding whether the Plaintiff has proven that Defendants infringed any of the claims of the '064 patent.

Patent law gives the owner of a valid patent the right to exclude others from making, using, offering to sell, or selling the patented invention within the United States during the term of the patent.  Any person or business entity that has engaged in any of those acts without the patent owner's permission infringes the patent.  Here, the Plaintiff alleges that the Defendants' allegedly infringing PowerBead products infringe claims 1, 2 and 6 of the Plaintiff's '064 patent.

Defendants contend that the accused products can be broken into three subsets corresponding to the different valves used on those products.  Those valves have been referred to as the Ultra, Hug II and Clayton Universal valves.

You must compare each of the Defendants' accused products to the claims of the '064 patent when making your decision regarding infringement.

## AUTHORITY

35 U.S.C. 281, 271; *Seal-Flex, Inc. v. Athletic Track and Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999);  *Andco Envtl. Processes, Inc. v. Niagara Envtl. Assocs., Inc.*, 206 U.S.P.Q. 656, 662 (W.D.N.Y. 1980).

## V.    DIRECT INFRINGEMENT - KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL

In this case, the Plaintiff asserts that the Defendants have directly infringed the patent. The Defendants would be liable for directly infringing the Plaintiff's patent if you find that the Plaintiff has proven that it is more likely than not that the Defendants have made, used, offered to sell, or sold the invention defined in at least one claim of the Plaintiff's patent.

Someone can directly infringe a patent without knowing that what they are doing is an infringement of the patent. They also may infringe even though they believe in good faith that what they are doing is not an infringement of any patent.

### AUTHORITY

35 U.S.C. 271(a); *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1330 (Fed. Cir. 2001); *Seal-Flex, Inc. v. Athletic Track and Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999); *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988); *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1361 (Fed. Cir. 1983), *overruled on other grounds, Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 234 F.3d 558, 574 (Fed.Cir. 2000).

## VI.    DIRECT INFRINGEMENT - LITERAL INFRINGEMENT

To determine literal infringement, you must compare each accused product with each claim that the Plaintiff asserts is infringed. You must accept my determination of the meaning of the claims in your deliberations.

A patent claim is literally infringed only if the Defendants' accused product includes each and every element in that patent claim. You should look at each of the claims in the patent in suit and ask yourself, "For each of Defendants' products, does Defendants' product have each and every element exactly as this claim recites?" If Plaintiff proves to you, by a preponderance of the evidence, that every element of each of the claims as recited in the patent is found in one of the Defendants' products, then that product literally infringes the patent in suit. However, if a Defendants' product does not contain one or more elements recited in a claim, then Defendants do not literally infringe that claim as to that product. You must determine literal infringement with respect to each patent claim and each accused product individually.

The accused products should be compared to the invention described in each patent claim it is alleged to infringe, not to the Plaintiff's preferred or commercial embodiment of the claimed invention.

## AUTHORITY

*DeMarini Sports, Inc. v. Worth, Inc.,* 239 F.3d 1314, 1330-31 (Fed. Cir. 2001); *Wenger Mfg. Inc. v. Coating Mach. Sys., Inc.,* 239 F.3d 1225, 1231 (Fed. Cir. 2001); *General Mills, Inc. v. Hunt-Wesson, Inc.,* 103 F.3d 978, 981 (Fed. Cir. 1997); *Martin v. Barber,* 755 F.2d 1564, 1567 (Fed. Cir. 1985); *Amstar Corp. v. Envirotech Corp.,* 730 F.2d 1476, 1483, 221 U.S.P.Q. 649, 655 (Fed. Cir. 1984).

## VII.    INFRINGEMENT OF DEPENDENT CLAIMS

There are two different types of claims in the patent.  One type of claim is called an independent claim.  The other type of claim is called a dependent claim.

An independent claim is a claim that does not refer to any other claim of the patent.  An independent claim must be read separately from the other claims to determine the scope of the claim.

A dependent claim is a claim that refers to at least one other claim in the patent.  A dependent claim incorporates all of the elements of the claim to which the dependent claim refers, as well as the elements recited in the dependent claim itself.

For example, Claim 1 is an independent claim and recites several elements.  Claims 2 and 6 are dependent claims that refer to Claim 1 and include additional elements.  Elements are also sometimes referred to as limitations.  Specifically, claim 2 adds the limitation that there must be means for urging the product out of the product chamber in the container.  Claim 2 requires each of the elements of Claim 1, as well as the additional elements identified in Claim 2 itself.  Likewise, Claim 6 requires each of the elements of Claim 1, as well as the additional elements identified in Claim 6 itself.

To establish literal infringement of Claim 2, for example, the Plaintiff must show the Defendants' accused products include each and every element of Claim 2.

If you find that Claim 1, from which Claims 2 and 6 depend, is not literally infringed, then you cannot find that Claim 2 or Claim 6 is literally infringed.

## **AUTHORITY**

*Wolverine World Wide v. Nike Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994); *Wilson Sporting Goods v. David Geoffrey & Assocs.*, 904 F.2d 677 (Fed. Cir. 1990); *Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1553 nn.9&10 (Fed. Cir. 1989); *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 626 (Fed. Cir. 1985).

## VIII.  INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

If you decide that Defendants' products do not literally infringe an asserted patent claim, you must then decide whether any of Defendants' products infringe the asserted claim under what is called the "doctrine of equivalents."  Under the doctrine of equivalents, if a required element of a patent claim is not found identically in an accused product, the claim can still be infringed if there is an equivalent to that element in the accused product.  In making your decision under the doctrine of equivalents, you must look at each element that you believe is not found identically in the product and ask yourself "Is there something in Defendants' products that act as an equivalent to the recited element?"

To find infringement, every element of the recited claim must be found identically or by an equivalent in the accused product.  If the product is missing an identical or equivalent part to even one part of the asserted patent claim, the product cannot infringe the claim under the doctrine of equivalents.

A part of a product is equivalent to a requirement of an asserted claim if a person of ordinary skill in the field would think that the differences between the part and the claim requirement were not substantial as of the time of the alleged infringement.  One way to decide whether any difference between a requirement of an asserted claim and a part of the product is not substantial is to consider whether, as of the time of the alleged infringement, the part of the product performed substantially the same function, in substantially the same way, to achieve substantially the same result as the requirement in the patent claim.  In deciding whether any difference between a claim requirement and the product is not substantial, you may consider whether, at the time of the alleged infringement, persons of ordinary skill in the field would have known of the interchangeability of the part with the claimed requirement.

The known interchangeability between the claim requirement and the part of the product

is not necessary to find infringement under the doctrine of equivalents.

## **AUTHORITY**

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997);  *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609 (1950); *Johnson & Johnson Assoc. v. R.E. Service Co.*, 285 F.3d 1046 (Fed. Cir. 2002) (*en banc*); *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1480 (Fed. Cir. 1998); *Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 397 (Fed. Cir. 1994).

## IX.    LIMITATIONS ON THE DOCTRINE OF EQUIVALENTS NO. 1 - PRIOR ART

You may not find that a component in the Defendants' products is equivalent to an

element of the patent claim if by doing so the patent claim would cover products that were

already in the prior art.

## AUTHORITY

*Conroy v. Reebok Int'l, Ltd.*, 14 F.3d 1570, 1576-77 (Fed. Cir. 1994); *Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, 904 F.2d 677 (Fed. Cir. 1990).

## X.    LIMITATIONS ON THE DOCTRINE OF EQUIVALENTS NO. 2 - PROSECUTION HISTORY ESTOPPEL

You are instructed that the doctrine of equivalents is limited by what is called "prosecution history estoppel." During prosecution of a patent, arguments and amendments are often made in an attempt to convince the PTO examiner to grant the patent. The party seeking to obtain a patent may amend his patent claims or submit arguments in order to define or narrow the meaning of the claims to obtain the patent. Once it has done so, it may not to recover under the Doctrine of Equivalents any claim scope or patent coverage that was surrendered during prosecution of the patent.

In this case, you are instructed that prosecution history estoppel applies and the doctrine of equivalents analysis cannot be applied to the following elements of the asserted claims:

1.    TILT VALVE.

Unless this element is literally present within an accused product, there can be no infringement of the any of the claims of the '064 patent by that product.

## **AUTHORITY**

See *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 152 L. Ed. 2d 944, 122 S. Ct. 1831 (2002); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 304 F.3d 1289, 2002 U.S. App. LEXIS 19734, 64 U.S.P.Q.2d 1698 (Fed. Cir. 2002).] *Warner-Jenkinson Co. v. Hilton Davis Chem. Co., v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997).

**XI.    LIMITATIONS ON THE DOCTRINE OF EQUIVALENTS NO. 3 - SUBJECT MATTER DEDICATED TO THE PUBLIC**

When a patent discloses subject matter but does not claim it, the patent has dedicated that unclaimed subject matter to the public.  If you find that the patent discloses, but does not claim, subject matter alleged to be equivalent to an element of the patent claim, then you cannot find that the component alleged to be equivalent in the Defendants' products is equivalent to that element of the patent claim.  This is true even if the failure to claim the subject matter was wholly unintentional.

**AUTHORITY**

*Toro Co. v. White Consolidated Indus., Inc.*, 383 F.3d 1326 (Fed. Cir. 2004); *Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054-55 (Fed. Cir. 2002) (*en banc*).

## XII.    SUMMARY OF INVALIDITY DEFENSE

Defendants contend that the asserted claims of the patent-in-suit are invalid.  The Defendants have the burden of proving claim invalidity by clear and convincing evidence. Claims of an issued patent may be found to be invalid.  Thus, you must determine whether each of the Plaintiff's asserted claims is invalid.

The Defendants contend that all of the asserted patent claims are invalid for the following reasons:

1.    The asserted claims of the '064 patent, that is, claims 1, 2 and 6, are invalid as being anticipated under 35 U.S.C. 102(a), because each and every limitation of the asserted claims was known and used by others before the invention thereof by the patentee.

2.    The asserted claims of the '064 patent, that is, claims 1, 2 and 6, are invalid as being anticipated under the 35 U.S.C. 102(b), because each and every limitation of the asserted claims was disclosed in a single piece of prior art.

3.    The asserted claims of the '064 patent, that is, claims 1, 2 and 6, are invalid as being anticipated under the 35 U.S.C. 102(b), because the alleged invention of each claim was on sale more than one year prior to the date the application for the '064 patent was filed. ("the on-sale bar").

4.    The asserted claims of the '064 patent are invalid under 35 U.S.C. 103, as being obvious at the time the claimed invention was made to a person of ordinary skill in the relevant art.

5.    The asserted claims of the '064 patent are invalid under 354 U.S.C. 112, for failure to disclose sufficient information to enable or teach one skilled in the field of the invention to make and use the claimed invention.

6.    The asserted claims of the '064 patent are invalid under 354 U.S.C. 112, because the patent does not describe each and every limitation of each asserted claim, and thus fails to satisfy the written description requirement.

I will now instruct you in more detail why the Defendants allege that the asserted claims of the patent-in-suit are invalid.

## XIII.  PRIOR ART DEFINED

Prior art includes any of the following items received into evidence during trial:

1.      any product or disclosure that was known or used by others in the United States before the patented inventions were made;

2.      patents that issued more than one year before the filing date of the patent

3.      patents that issued before the inventions were made;

4.      publications having a date more than one year before the filing date of the patent;

5.      publications having a date more than one year before the inventions were made;

6.      any product that was in public use or on sale in the United States more than one year before the patents were filed;

7.      any product or disclosure that was made by anyone before the priority date to which the patent is entitled, where the product was not abandoned, suppressed or concealed.

In this case, the Defendants contend that the following items are prior art:

1.      PCT publication number WO 99/18010;

2.      PCT publication number WO 98/30469;

3.      Snell U.S. Patent 5,040,705;

4.      Castenada, Jr. U.S. Patent No. 6,003,740;

5.      Frutin U.S. Patent No. 4,826,054;

6.      Scheindel U.S. Patent No. 5,785,301;

7.      The product made by Ultramotive upon which a patent application was filed in

May 1998;

8.      The disclosure and offer for sale in October of 1998 of the product made by

Ultramotive upon which a patent application was filed in May 1998;

**AUTHORITY**

35 U.S.C. § 102

## XIV.  ANTICIPATION

A person cannot obtain a patent if someone else already has made an identical invention. Simply put, the invention must be new.  An invention that is not new or novel is said to be "anticipated by the prior art."  Under the U.S. patent laws, an invention that is "anticipated" is not entitled to patent protection.  To prove anticipation, Defendants must present clear and convincing evidence showing that the claimed invention is not new.

In this case, the Defendants contend that the claims of the '064 patent are anticipated. For example, Defendants contend that the each and every element of the invention of claims 1, 2 and 6 of the '064 patent was described in the April 1999 PCT publication number WO 99/18010.

To anticipate a claim, each and every element in the claim must be present in a single item of prior art.  You may not combine two or more items of prior art to prove anticipation.  In determining whether every one of the elements of the asserted claims of the '064 patent is found in the prior PCT publication WO 99/18010, you should take into account what a person of ordinary skill in the art would have understood from his or her examination of that particular publication.

In determining whether the single item of prior art anticipates a patent claim, you should take into consideration not only what is expressly disclosed in the particular item of prior art, but also what inherently occurred as a natural result of its practice.  This is called inherency.  A party claiming inherency must prove it by clear and convincing evidence.  To establish inherency, the evidence must make clear that any missing descriptive matter is necessarily present in the reference and that it would be so recognized by persons of ordinary skill in the art.  Inherent anticipation, however, does not require that a person of ordinary skill in the art at the time would have recognized the inherent disclosure.  Thus, the prior use of the patented invention that was accidental, or unrecognized and unappreciated can still be an invalidating anticipation.

You must keep these requirements in mind and apply them to each kind of anticipation you consider in this case. There are additional requirements that apply to the particular categories of anticipation that the Defendants contend apply in this case. I will now instruct you about those.

## AUTHORITY

*Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542 (Fed Cir. 1983); *In re Felton,* 484 F.2d 495 (C.C.P.A. 1973); *Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co.,* 730 F.2d 1452 (Fed. Cir. 1984); *In re Marshall,* 578 F.2d 301 (C.C.P.A. 1978); *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.,* 758 F.2d 613 (Fed. Cir. 1985); *SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n,* 718 F.2d 365 (Fed. Cir. 1983); *Tyler Refrigeration v. Kysor Indus. Corp.,* 777 F.2d 687 (Fed. Cir. 1985); *WL Gore & Assocs., Inc. v. Garlock, Inc.,* 721 F.2d 1540 (Fed. Cir. 1983), *cert. denied,* 469 U.S. 851 (1984); *Buildex, Inc. v. Kason Indus., Inc.,* 849 F.2d 1461 (Fed. Cir. 1988); *Carella v. Starlight Archery & Pro Line Co.,* 804 F.2d 135, *modified on reh'g,* 804 F.2d 135 (Fed. Cir. 1986); *Constant v. Advanced Micro-Devices, Inc.,* 848 F.2d 1560 (Fed. Cir.), *cert. denied,* 488 U.S. 892 (1988); *Continental Can Co. USA, Inc. v. Monsanto Co.,* 948 F.2d 1264 (Fed. Cir. 1991), *cert. denied, Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.,* 976 F.2d 1559 (Fed. Cir. 1992); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.,* 953 F.2d 1360 (Fed. Cir. 1991); *Verdegaal Bros., Inc. v. Union Oil Co.,* 814 F.2d 628 (Fed. Cir. 1987); *Hughes Aircraft Co. v. United States,* 8 U.S.P.Q.2d 1580 (Ct. Cl. 1988); *HK Regar & Sons v. Scott & Williams, Inc.,* 63 F.2d 229 (2d Cir. 1933); *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.,* 45 F.3d 1550 (Fed. Cir. 1995); *In re Robertson,* 169 F.3d 743 (Fed. Cir. 1999); *Atlas Powder Co. v. IRECO Inc.,* 190 F.3d 1342 (Fed. Cir. 1999); *Mycogen Plant Sci., Inc. v. Monsanto Co.,* 243 F.3d 1316 (Fed. Cir. 2001); *Schering Corp. v. Geneva Pharms., Inc.,* 339 F.3d 1373 (Fed. Cir. 2003).

## XV.    PATENTS AND PRINTED PUBLICATIONS

If the inventions claimed by the Patent in suit were patented or described in a printed publication in this or a foreign country before Plaintiff's invention thereof, or if the inventions were patented or described in a printed publication in this or a foreign country prior to the date of the application for patent in the United States, those claims of the Patent in suit are invalid and should not be included in the Patent in suit.

A patent is said to be anticipated by a patent or printed publication if all the elements of the claimed invention are identical to elements contained in a single item of prior art and operate in the same manner to perform the same function.  For anticipation, you cannot pick and choose different elements from different prior art sources.  You must decide what the elements of each claim of the Patent in suit are, and then compare each group of elements to each piece of prior art individually.

You may find that a claimed invention of the Patent in suit is anticipated when each and every limitation of the claimed invention is disclosed, either explicitly or inherently, in a single prior art reference.  However, a prior art reference need not explain every detail of the invention since the reference is speaking to those skilled in the art.  A reference is not considered in a vacuum for purposes of determining invalidity.  It must be considered together with the knowledge and experience of one of ordinary skill in the pertinent art.

Anticipation may be established if you find that an element or elements of the Patent in suit are inherent in a single prior art reference.  To establish anticipation by inherency, extrinsic evidence must make clear that the missing descriptive matter is necessarily present in the thing described in the reference, and that it would be so recognized by persons of ordinary skill in the art.  Inherency, however, may not be established by probabilities or possibilities.  The mere fact that a certain thing "may" result from a given set of circumstances is not sufficient.

## AUTHORITY

35 U.S.C. § 102; *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999); *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997); *Hoover Group Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 302 (Fed. Cir 1995); *Glaverbel Societe Anoyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1554 (Fed. Cir. 1995); *In re Paulsen*, 30 F.3d 1475, 1478-80 (Fed. Cir. 1994); *Atlas Powder Co. v. E.I. Du Pont De Nemours & Co.*, 750 F.2d 1569, 1573-74 (Fed. Cir. 1984); *Dewey & Almy Chem. Co. v. Mimex Co., Inc.*, 124 F.2d 986, 989 (2d Cir. 1942).

## XVI.    ON SALE BAR

The Defendants contend that claims 1, 2 and 6 of the '064 patent were anticipated because the inventions defined in those claim were on sale in the United States more than one year before the patentee, Bernard Frutin, effectively filed his U.S. patent application on December 22, 2000.

Even if it was not disclosed in an earlier patent or printed publication, prior art can also invalidate a patent claim if the claimed invention has been in "public use" or "on sale" prior to the filing of a patent application in which the invention is claimed. This prohibition applies even if a single unrestricted public use or offer for sale is made.

A "public use" may exist where the invention is used by or exposed to anyone other than the inventor or a person under an obligation of secrecy to the inventor. The use need not be open or widespread; a single use by one user is sufficient. The use may even be hidden from the public eye.

Also, if the claimed invention was "on sale" in the United States more than one year before the patent application was filed, then that claim is invalid. The sale need not be consummated; an offer of sale, solicitation of orders, or promotional activities may constitute being "on sale" in some cases.

For a piece of prior art to be considered in determining validity of the claims of patent in suit, it must have been publicly disclosed. This public disclosure occurs when the knowledge or use of the prior art was accessible to the public, not necessarily actually used by the public. The critical element is accessibility or availability of the knowledge, however it may be obtained.

The invention need not have been put on sale by the inventor of assignee of the '064 patent; an offer for sale by a third party, such as Defendants, of a product embodying the invention is sufficient invalidate a patent claim to such an invention.

## AUTHORITY

35 U.S.C. 102; Linear Tech. Corp. v. Micrel, Inc., 275 F.3d 1040 (Fed. Cir. 2001); Group One, Ltd. v. Hallmark Cards, Inc., 254 F.3d 1041 (Fed. Cir. 2001); Pfaff v. Wells Elecs., 525 U.S. 55 (1998); Barmag Barmer Maschinenfabrik AG v. Murata Mach. Ltd., 731 F.2d 831 (Fed. Cir. 1984); In re Caveney, 761 F.2d 671 (Fed. Cir. 1985); Crane Co. v. Goodyear Tire & Rubber Co., 577 F. Supp. 186 (N.D. Ohio 1983); DL Auld Co. v. Chroma Graphics Corp., 714 F.2d 1144 (Fed. Cir. 1983); Pennwalt Corp. v. Akzona, Inc., 740 F.2d 1573 (Fed. Cir. 1984); Shatterproof Glass Corp. v. Libbey-Owens Ford Co., 758 F.2d 613 (Fed. Cir. 1985); Buildex, Inc. v. Kason Indus., Inc., 849 F.2d 1461 (Fed. Cir. 1988); AB Chance Co. v. RTE Corp., 854 F.2d 1307 (Fed. Cir. 1988); King Instrument Corp. v. Otari Corp., 767 F.2d 853 (Fed. Cir. 1985), cert. denied, 475 U.S. 1016 (1986); Great N. Corp. v. Davis Core & Pad Co., 782 F.2d 159 (Fed. Cir. 1986); JA LaPorte, Inc. v. Norfolk Dredging Co., 787 F.2d 1577 (Fed. Cir.), cert. denied, 479 U.S. 884 (1986); Sonoscan, Inc. v. Sonotek, Inc., 936 F.2d 1261 (Fed. Cir. 1991); Western Marine Elecs., Inc. v. Furuno Elec. Co., 764 F.2d 840 (Fed. Cir. 1985); Keystone Retaining Wall Sys., Inc. v. Westrock, Inc., 997 F.2d 1444 (Fed. Cir. 1993); In re Brigance, 792 F.2d 1103 (Fed. Cir. 1986). 35 U.S.C. § 102; Woodland Trust v. Flowertree Nursery, Inc., 148 F.3d 1368, 1370-71 (Fed. Cir. 1998); Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1562-63, 28 U.S.P.Q.2d 1081 (Fed. Cir. 1993), reh'g denied, 114 S. Ct. 2156 (1994); In re King, 801 F.2d 1324, 1326 (Fed. Cir. 1986).

## XVII.  OBVIOUSNESS

### *Graham v. John Deere Test*

The Defendants contend that the asserted claims of the '064 patent are invalid because the claimed subject matter would have been obvious to one of ordinary skill in the art at the time the invention was made.  The Defendants bear the burden of proving this defense by clear and convincing evidence.  Each claim must be considered separately.

To find anticipation, it is required that every one of the elements of the claimed invention be found in a single item of prior art; however, for obviousness a person of ordinary skill in the art may combine two or more items of prior art.  Therefore, you must consider the prior art reference(s) and evaluate obviousness from the perspective of one of ordinary skill in the art at the time the invention was filed (not from the perspective of a layman or a genius in the art).

Before determining whether or not the Defendants have established obviousness of the claimed invention, you must determine the following factual matters, each of which must be established by clear and convincing evidence:

1.  The scope and content of the prior art relied upon by Defendants;

2.  The difference or differences, if any, between each claim of the '064 patent and the prior art; and

3.  The level of ordinary skill in the art at the time the invention of the '064 patent was made.

4.  Objective factors indicating non-obviousness, including commercial success, long-felt need, failure of others, copying, unexpected results, and licensing.

Against this background of facts you will then make your conclusion whether or not the claimed subject matter would have been obvious to a person of ordinary skill in the art of pressurized dispensing containers at the time the invention was made.

## **AUTHORITY**

*Graham v. John Deere Co.,* 383 U.S. 1 (1966); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Arkies Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953 (Fed. Cir. 1997); *Orthopedic Equip. Co. v. All Orthopedic Appliances, Inc.,* 707 F.2d 1376 (Fed. Cir. 1983); *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530 (Fed. Cir. 1983); *Structural Rubber Prods. Co. v. Park Rubber Co.,* 749 F.2d 707 (Fed. Cir. 1984); *Newell Cos. v. Kenney Mfg. Co.,* 864 F.2d 757, 764 (Fed. Cir. 1988); *Ryko Mfg. Co. v. Nu-Star, Inc.,* 950 F.2d 714, 716 (Fed. Cir. 1991); *Nutrition 21 v. United States,* 930 F.2d 867, 871 n.2 (Fed. Cir. 1991).

## XVIII.  SCOPE AND CONTENT OF THE PRIOR ART

The prior art that you considered previously for anticipation purposes is also prior art for obviousness purposes.  The prior art includes the following items received into evidence during the trial:

1.    PCT publication number WO 99/18010;

2.    PCT publication number WO 98/30469;

3.    Snell U.S. Patent 5,040,705;

4.    Castenada, Jr. U.S. Patent No. 6,003,740;

5.    Frutin U.S. Patent No. 4,826,054;

6.    Scheindel U.S. Patent No. 5,785,301;

7.    The product made by Ultramotive upon which a patent application was filed in May 1998;

8.    The disclosure and offer for sale in October of 1998 of the product made by Ultramotive upon which a patent application was filed in May 1998;

## XIX.   DIFFERENCES OVER THE PRIOR ART

In reaching your conclusion as to whether or not the claimed invention would have been obvious, you should consider any difference or differences between the prior art and the claimed invention.  When doing so, each claim must be considered in its entirety and separately from the other claims.

Although you should consider any differences between the claimed invention and the prior art, you must still determine the obviousness or nonobviousness of the entirety of the invention, not merely some portion of it.

## **AUTHORITY**

*Graham v. John Deere Co.,* 383 U.S. 1 (1966); *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530 (Fed. Cir. 1983); *Medtronic, Inc, v. Cardiac Pacemakers, Inc.,* 721 F.2d 1563 (Fed. Cir. 1983).

## XX.    LEVEL OF ORDINARY SKILL

In reaching your determination as to whether or not the claimed invention would have been obvious, you should consider the level of ordinary skill in the pertinent art. When determining the level of ordinary skill in the art, you should consider all the evidence submitted by the Plaintiff and the Defendants to show:

1.  the level of education and experience of persons actively working in the field at the time of the invention;

2.  the types of problems encountered in the art at the time of the invention;

3.  the prior art patents and publications;

4.  the activities of others;

5.  prior art solutions to the problems; and

6.  the sophistication of the technology.

The Plaintiff contends that the level of ordinary skill in the art of pressurized dispensing containers for viscous products was [_____]. The Defendants contend that the level of ordinary skill in the art of pressurized dispensing containers was one having substantial experience in the manufacture or design of such containers. Based on the factors listed, and the evidence presented, you must determine the level of ordinary skill in the art at the time of the invention.

When you decide the issue of obviousness, you must decide whether or not the invention would have been obvious to one having this ordinary level of skill in the art of pressurized dispensing containers.

## <u>AUTHORITY</u>

*Graham v. John Deere Co.,* 383 U.S. 1 (1966); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Orthopedic Equip. Co. v. United States,* 702 F.2d 1005 (Fed. Cir. 1983); *Environmental Designs, Ltd. v. Union Oil Co.,* 713 F.2d 693 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 1043 (1984).

## XXI.    OBVIOUSNESS DECISION

In determining whether the invention of the '064 patent would have been obvious to a person of ordinary skill in the art, you must presume that person would have known about all relevant prior art.

Importantly, there must be a showing of suggestion or motivation to modify the teachings of the reference to the claimed invention in order to support an obviousness conclusion. This suggestion or motivation to modify the teachings of that reference to the claimed invention may be derived from the prior art reference itself, from the knowledge of one of ordinary skill in the art, or from the nature of the problem to be solved.

You must not use hindsight in determining whether a claimed invention would have been obvious or not. In other words, it is wrong to use the '064 patent as a guide through the prior art references, combining the right references in the right way so as to achieve the result of the claims of the '064 patent. Rather, you must consider only the thinking of one of ordinary skill in the art with knowledge of all of the prior art at the time of the invention.

However, the motivation to combine reference need not be found in the references sought to be combined, but may be found in any number of sources, including common knowledge, common sense the prior art as a whole, or the nature of the problem itself. A motivation to combine references exists implicitly not only when there is suggestion found from the prior art as a whole, but also when the combination of references results in a product that is stronger, cheaper, lighter, smaller, more durable, or more efficient. Because the common sense desire to enhance commercial opportunities by improving a product is universal, in situations not involving technological advances, a motivation to combine prior art references exists absent any hint or suggestion in the references themselves.

## AUTHORITY

*SIBIA Neurosciences, Inc. v. Cadus Pharmaceutical Corporation*, 225 F.3d 1349 (Fed. Cir. 2000); *In re Dembiczak*, 175 F.3d 994 (Fed. Cir. 1999); *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005 (Fed. Cir. 1983); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *C.R. Bard, Inc. v. M3 Sys. Inc.*, 157 F.3d 1340 (Fed. Cir. 1998); *Rouffet*, 149 F.3d 1350 (Fed. Cir. 1998); *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573 (Fed. Cir. 1997). *DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.* 464 F.3d 1356, 1368 (Fed. Cir. 2006)

## XXII.  FACTORS INDICATING NONOBVIOUSNESS

Before deciding the issue of obviousness, you must consider certain factors which, if established, weigh in favor of finding that the invention would not have been obvious.  No factor is alone dispositive, and you must consider the obviousness or nonobviousness of the invention as a whole.

## A.    NONOBVIOUSNESS FACTOR A:  COMMERCIAL SUCCESS

One of the factors you should consider is whether the Plaintiff has shown any commercial success of products covered by the '064 patent due to the merits of the invention.  To prove this, the Plaintiff would have to provide evidence to satisfy you that there is a causal connection between the commercial success of the products and the claimed invention, which would tend to indicate that the invention would not have been obvious.

However, if you conclude that commercial success of the product is due to advertising, promotion, salesmanship or the like, or to features of the product other than those claimed in the patent in suit, rather than to the claimed invention, then the fact that the product enjoyed commercial success is not related to whether the invention would have been nonobvious.

**B.    NONOBVIOUSNESS FACTOR B:  LONG-FELT NEED**

One of the factors you should consider is whether or not the Plaintiff has shown a long

felt need in the art which was satisfied by the invention of the '064 patent, which would tend to

indicate that the invention would not have been obvious.  However, if you were to conclude that

there was no long-felt need in the art of pressuized dispensing containers or that the long-felt

need was satisfied due to advances in unrelated technology, then the Plaintiff would not have

carried its burden of proof on this factor.

### C.    NONOBVIOUSNESS FACTOR C:  FAILURE OF OTHERS

One of the factors you should consider is whether the Plaintiff has shown that others had tried, but failed to solve the problem solved by the invention of the '064 patent, which would tend to indicate that the invention would not have been obvious.  To prove the first kind of failure by others, the Plaintiff must show that it was the merits of the invention of the '064 patent that allowed the products embodying the invention to succeed.  Alternatively, attempts by others which did solve the problem but which were abandoned or not commercially successful tend to indicate that the invention was obvious.

## D.    NONOBVIOUSNESS FACTOR D:  COPYING

One of the factors you should consider is whether or not the Plaintiff has shown copying by others of the invention claimed in the '064 patent.  If you were to find that others copied the invention because of its merits this would tend to indicate that the invention would not have been obvious.

### E.    NONOBVIOUSNESS FACTOR E:  UNEXPECTED RESULTS

One of the factors you should consider is whether or not the Plaintiff has shown unexpected superior results achieved by the invention claimed in the '064 patent.  To prove this the Plaintiff must show that it was the patented invention that caused the unexpected results, which would tend to indicate that the invention would not have been obvious.  If there were not unexpected superior results or the unexpected results were due to a feature unrelated to the invention, then the Plaintiff would not have carried its burden of proof on this factor.

**F.     NONOBVIOUSNESS FACTOR F:  ACCEPTANCE OF LICENSES**

One of the factors you should consider is whether or not the Plaintiff has shown that others have accepted licenses under the '064 patent because of the merits of the claimed invention, which tends to indicate that the claimed invention would not have been obvious.  If others accepted licenses due to factors such as the cost of litigation, or the low cost of the license, then it has not been established that the acceptance of licenses was due to the merits of the invention itself.  If you were to find that others took licenses as a result of the merits of the claimed invention, however, this would tend to indicate that the invention would not have been obvious.

<u>**AUTHORITY**</u>

*Graham v. John Deere Co.,* 383 U.S. 1 (1966); *Stratoflex Inc, v. Aeroquip Corp.,* 713 F.2d 1530 (Fed. Cir. 1983); *Perkin-Elmer Corp. v. Computervision Corp.,* 732 F.2d 888 (Fed. Cir.), *cert. denied,* 469 U.S. 857 (1984); *United States v. Adams,* 383 U.S. 39, 52 (1966); *Environmental Designs, Ltd. v. Union Oil Co.,* 713 F.2d 693, 697 (Fed.Cir. 1983), *cert. denied,* 464 U.S. 1043 (1984); *WL Gore & Assocs., Inc. v. Garlock, Inc.,* 721 F.2d 1540 (Fed.Cir. 1983), *cert. denied,* 469 U.S. 851 (1984).

## XXIII.  FACTORS INDICATING OBVIOUSNESS: INDEPENDENT INVENTION BY OTHERS

In reaching your determination on the issue of obviousness, you should also consider whether or not the claimed invention was invented independently by other persons, either before it was invented by Mr. Frutin or at about the same time.  Just as the failure of others to make the invention may be evidence that an invention would not have been obvious, independent making of the invention by persons other than the inventor at about the same time may be evidence that the invention would have been obvious, depending on the circumstances.

## <u>AUTHORITY</u>

*Ecolochem, Inc. v. Southern California Edison Co,* 227 F.3d 1361, 1379 (Fed. Cir. 2000); *Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH,* 139 F.3d 877, 883-84 (Fed. Cir. 1998); In *re Farrenkopf,* 713 F.2d 714 (Fed. Cir. 1983); *Orthopedic Equip. Co. v. United States,* 702 F.2d 1005 (Fed. Cir. 1983); *Stewart-Warner Corp. v. City of Pontiac,* 767 F.2d 1563 (Fed. Cir. 1985); *Simmonds Precision Prods., Inc. v. United States,* 153 U.S.P.Q. 465 (Ct. Cl. 1967); *Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co.,* 730 F.2d 1452 (Fed. Cir. 1984).

## XXIV. ENABLEMENT

The written description set forth in a patent must disclose sufficient information to enable or teach one skilled in the field of the invention to make and use the claimed invention. This requirement is known as the enablement requirement. If a patent claim is not enabled, it is invalid.

A patent is enabling if its disclosure is sufficient to enable a person of ordinary skill in the art to make and use the claimed invention. In considering whether the written description of a patent satisfies the enablement requirement, you must keep in mind that patents are written for persons of skill in the field of the invention. Thus, a patent need not expressly state information that skilled persons would be likely to know or could obtain. The Defendants bear the burden of establishing lack of enablement by clear and convincing evidence.

The Defendants contend that claim 1, 2 and 6 of the '064 patent are invalid for lack of enablement. The fact that some experimentation may be required for a skilled person to practice the claimed invention does not mean that a patent's written description does not meet the enablement requirement. Factors that you may consider in determining whether the written description would require undue experimentation include: (1) the quantity of experimentation necessary; (2) the amount of direction or guidance disclosed in the patent; (3) the presence or absence of working examples in the patent; (4) the nature of the invention; (5) the state of the prior art; (6) the relative skill of those in the art; (7) the predictability of the art and (8) the breadth of the claims.

If you find that the Defendants have proved that it is highly probable that the '064 patent does not contain a disclosure in the specification sufficient to enable a person of ordinary skill in the art to make and use the claimed invention of the invention covered by any of these claims, then you must find that the claim is invalid.

**AUTHORITY**

*Durel Corp. v. Osram Sylvania Inc.,* 256 F.3d 1298, 1306 (2001); *Union Pac. Resources Co. v. Dhesapeake Energy Corp.*, 236 F.3d 684, 690-92 (Fed. Cir. 2001); *Ajinomoto Co. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1345-46 (Fed. Cir. 2000); *Nat'l Recovery Techs., Inc. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190,1195-98 (Fed. Cir. 1999); *Hybritech Inc. v. Monolonal Antibodies, Inc.*, 802 F.2d 1367, 1384 (Fed. Cir. 1986), *cert. denied*, 480 U.S. 947 (1987); *Ralston Purina Co. v. Far-Mar Co.*, 772 F.2d 1570, 1573-74 (Fed. Cir. 1985); *White Consolidated Indus., Inc. v. Vega Servo Control, Inc.*, 713 F.2d 788, 791 (Fed. Cir. 1983); *Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1533 (Fed. Cir.), *cert. denied*, 484 U.S. 954 (1987); *Lindmann Maschinenfabrik GMBH v. American Hoist & Derrick Co.*, 730 F.2d 1452, 1463 (Fed. Cir. 1984); *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1371 (Fed. Cir. 1999); *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).

## XXV.  WRITTEN DESCRIPTION REQUIREMENT

A patent must contain a written description of the product claimed in the patent.  To satisfy the written description requirement, the patent must describe each and every limitation of a patent claim, although the exact words found in the claim need not be used.  The written description requirement is satisfied if a person of ordinary skill in the field reading the patent application as originally filed would recognize that the patent application described the invention as finally claimed in the patent.

The Defendants contend that claims 1, 2 and 6 of the '064 patent are invalid for failure to satisfy the written description requirement.  The Defendants bear the burden of establishing lack of written description by clear and convincing evidence.

If you find that the Defendants have proved that it is highly probable that the '064 patent does not contain a written description of the invention covered by any of these claims, then you must find that the claim is invalid.

## AUTHORITY

*Turbocare Div. of Demag Delaval Turbomachinery Corp., v. General Elect. Co.*, 264 F.3d 1111, 1118 (Fed. Cir. 2002); *Univ. of Rochester v. G.D. Searle & Co.*, 358 F.3d 916 (Fed. Cir. 2004); *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 323 F.3d 956 (Fed. Cir. 2002) (en banc); *Purdue Pharma L.P. v. Faulding Inc.*, 230 F.3d 1320 (Fed. Cir. 2000); *Reiffin v. Microsoft, Corp.*, 214 F.3d 1342, 1345-46 (Fed. Cir.19--); *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1478-90 (Fed. Cir. 1998); Union Oil Co. of Cal. v. Atl. Richfield Co., 20 F.3d 989, 996-1001 (Fed. Cir. 2000);*Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555 (Fed. Cir. 1991).

## XXVI. DAMAGES

### 1. Damages - Generally

If you find that any of the accused devices infringe any of the claims of the '064 patent, and that these claims are valid, you must determine the amount of damages to be awarded the Plaintiff for the infringement.  On the other hand, if you find that each of the asserted patent claims is either invalid or is not infringed, then you need not address damages in your deliberations.  The amount of those damages must be adequate to compensate the Plaintiff for the infringement.  Your damage award should put the Plaintiff in approximately the financial position it would have been in had the infringement not occurred; but in no event may the damage award be less than a reasonable royalty.  You must consider the amount of injury suffered by the Plaintiff without regard to the Defendants' gain or losses from the infringement.  You may not add anything to the amount of damages to punish the accused infringer or to set an example.

The Plaintiff has the burden of proving each element of its damages by a preponderance of the evidence.

The fact that I am instructing you as to the proper measure of damages should not be construed as intimating any view of the Court as to which party is entitled to prevail in this case.  Instructions as to the measure of damages are given for your guidance in the event you find the evidence in favor of the Plaintiff.

## <u>AUTHORITY</u>

35 U.S.C. 284 (2004); *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 507 (1964); *Dow Chem. Co. v. Mee Indus., Inc.,* 341 F. 3d 1370, 1381-82 (Fed. Cir. 2003);  *Grain Processing Corp. v. Am. Maize-Prods. Co.,* 185 F.3d 1341, 1349 (Fed. Cir. 1999); *Maxwell v. J. Baker, Inc.,* 86 F.3d 1098, 1108-1109 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1544-45 (Fed. Cir. 1995); *Wang Labs, Inc. v. Toshiba Corp.,* 993 F.2d 858, 870 (Fed. Cir. 1993); *Fromson v. W. Litho Plate & Supply Co.,* 853 F.2d 1568, 1574 (Fed. Cir. 1988); *Del Mar Avionics, Inc. v. Quinton Instrument Co.,* 836 F.2d 1320, 1326 (Fed. Cir. 1987); *Vulcan Eng'g*

*Co. v. FATA Aluminum, Inc.*, 278 F.3d 1366, 1376 (Fed. Cir. 2002); *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1119 (Fed. Cir. 1996).

**2. Date Damages Begin**

The date that the Plaintiff first gave notice to the Defendants of its claim of patent infringement is the date at which patent damages begin to be calculated. That date has been agreed to by the parties to be March 10, 2005.

## XXVII.        REASONABLE ROYALTY

The patent law specifically provides that the amount of damages that the Defendants

must pay the Plaintiff for any infringement of the Plaintiff's patent may not be less than a

reasonable royalty for the use that the Defendants made of the Plaintiff's invention.  A reasonable

royalty is not necessarily the actual measure of damages, but is merely the floor below which

damages should not fall.  The Plaintiff is entitled to a reasonable royalty for all infringing sales.

## <u>AUTHORITY</u>

35 U.S.C. 284;*Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1354 (Fed. Cir. 2001); *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1574 (Fed. Cir. 1998); *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1119 (Fed. Cir. 1996); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (en banc); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1579 (Fed. Cir. 1989), *cert denied*, 493 U.S. 1022 (1990).

## XXVIII.    REASONABLE ROYALTY - DEFINITION

A royalty is a payment made to the owner of a patent by a non-owner in exchange for rights to make, use, or sell the claimed invention. A reasonable royalty is the royalty that would have resulted from a willing, hypothetical negotiation between the Plaintiff and a company in the position of the Defendants taking place just before the infringement began. You should also assume that both parties to that negotiation understood the patent to be valid and infringed and that the licensee would respect the patent.

## AUTHORITY

*Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579-81 (Fed. Cir. 1996); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1108-10 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (en banc); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989); *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1121 (S.D.N.Y. 1970), *modified and aff'd sub nom., Georgia-Pacific Corp. v. United States Plywood Champion Papers, Inc.*, 446 F.2d 295 (2d Cir.), *cert. denied*, 404 U.S. 870 (1971).

## XXIX.  REASONABLE ROYALTY - RELEVANT FACTORS

In determining the value of a reasonable royalty, you may consider evidence on any of the following factors:

1.  Any royalties received by the Plaintiff for the licensing of the patent-in-suit, proving or tending to prove an established royalty.

2.  The rates paid by the Defendants to license other patents comparable to the '064 patent.

3.  The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of its territory or with respect to whom the manufactured product may be sold.

4.  The Plaintiff's established policy and marketing program to maintain his right to exclude others from using the patented invention by not licensing others to use the invention, or by granting licenses under special conditions designed to preserve that exclusivity.

5.  The commercial relationship between the licensor and the licensee, such as whether or not they are competitors in the same territory in the same line of business.

6.  The effect of selling the patented product in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such collateral sales.

7.  The duration of the '064 patent and the term of the license.

8.  The established profitability of the product made under the '064 patent; its commercial success; and its current popularity.

9.  The utility and advantages of the patented invention over the old modes or devices, if any, that had been used for achieving similar results.

10. The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11. The extent to which the Defendants have made use of the invention; and any evidence that shows the value of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13. The portion of the profit that arises from the patented invention itself as opposed to profit arising from unpatented features, such as the manufacturing process, business risks, or significant features or improvements added by the accused infringer.

14. The opinion testimony of qualified experts.

15. The amount that a licensor (such as the Plaintiff) and a licensee (such as the Defendants) would have agreed upon (at the time the infringement began) if both sides had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee--who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention-- would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a patentee who was willing to grant a license.

16. Any other economic factor that a normally prudent business person would, under similar circumstances, take into consideration in negotiating the hypothetical license.

## AUTHORITY

*Tec Air, Inc. v. Denso Mfg. Mich., Inc.*, 192 F.3d 1353, 1362 (Fed. Cir. 1999); *Fonar Corp. v. Gen. Elec. Co.*, 107 F.3d 1543, 1552-53 (Fed. Cir. 1997); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579-81 (Fed. Cir. 1996); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1108-10 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (en banc); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989); *TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895, 898-900 (Fed. Cir. 1986); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1079 (Fed. Cir. 1983); *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *modified and aff'd sub. nom.*, *Georgia Pacific Corp. v. United States Plywood Champion Papers, Inc.*, 446 F.2d 295 (2d Cir.), *cert denied*, 404 U.S. 870 (1971).

## XXX.    REASONABLE ROYALTY - TIMING

Although the relevant date for the hypothetical reasonable royalty negotiation is just before the infringement began, you may consider in your determination of reasonable royalty damages any actual profits by the Defendants after that time and any commercial success of the patented invention in the form of sales of the patented or infringing products after that time. You may only consider this information, however, if it was foreseeable at the time that the infringement began.

## AUTHORITY

*Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1446, 1448 (Fed. Cir. 1990); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1581 (Fed. Cir. 1989), *cert denied*, 493 U.S. 1022 (1990); *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1575-76 (Fed. Cir. 1988); *Studiengesellschaft Kohle, mbH v. Dart Indus.*, Inc., 862 F.2d 1564, 1571-72 (Fed. Cir. 1988).

## XXXI.  WILLFUL INFRINGEMENT

You are instructed that where a potential infringer has actual notice of another's patent rights, he has an affirmative duty of due care not to infringe a valid and enforceable patent.  Thus if you find by a preponderance of the evidence that the Defendants infringed the Plaintiff's patent, either literally or under the doctrine of equivalents, then you must further determine if this infringement was willful.  Willfulness must be proven by clear and convincing evidence showing that:

1.  The Defendants had actual knowledge of the Plaintiff's patent, and

2.  The Defendants had no reasonable basis for believing (a) that the Defendants' products did not infringe the Plaintiff's patent or (b) that the Plaintiff's patent was invalid.  In making the determination as to willfulness, you must consider the totality of the circumstances.  The totality of the circumstances comprises a number of factors, which include, but are not limited to whether the Defendants intentionally copied the claimed invention or a product covered by the Plaintiff's patent, whether the Defendants exercised due care to avoid infringing the patent, and whether the Defendants presented a substantial defense to infringement.

## <u>AUTHORITY</u>

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,* 383 F.3d 1337, 1347 (Fed. Cir. 2004) *(*en banc*); Jurgens v. CBK, Ltd.,* 80 F.3d 1566, 1571 (Fed.Cir. 1996); *In re Hayes Microcomputer Products, Inc.,* 982 F.2d 1527, 1543 (Fed.Cir. 1992); *Ortho Pharmaceutical Corp. v. Smith,* 959 F.2d 936, 944 (Fed.Cir. 1992); *Gustafson, Inc. v. Intersystems Industrial Products, Inc.,* 897 F.2d 508, 510-11 (Fed.Cir. 1990); *State Indus., Inc. v. Mor-Flo Indus., Inc.,* 883 F.2d 1573, 1581 (Fed.Cir. 1989); *Ryco, Inc. v. Ag-Ba*

Date: December 13, 2006   Respectfully Submitted
  Wilmington, Delaware

By: /s/ Thad Bracegirdle
  Thad Bracegirdle, Esq. (No. 3691)
  REED SMITH LLP
  1201 Market Street, Suite 1500
  Wilmington, DE 19801
  Tel. (302) 778-7500
  Fax (302) 778-7557

OF COUNSEL:
Lloyd McAulay, admitted *pro hac vice*
Stephen Chin, admitted *pro hac vice*
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel. (212) 521-5400
Fax: (212) 521-5450